C. H. JONES & BRO., APPELLANTS, vs. SAMUEL W. FOX, ASSIGNEE, APPELLEE.

1. Irregularity of practice, not objected to on the trial at the proper time, will be considered as waived by the party having right to object.

2. The statute of 1879, Chap. 3131, giving lien and remedy for rent, is not restricted to rents of agricultural lands, but applies to all rental of real property, and is not unconstitutional.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Randall, Walkers & Foster* for Appellants.

*A. W. Cockrell & Son* and *M. C. Jordan* for Appellee.

1. The act does not apply to other than agricultural tenants.

2. The act is wholly beyond the constitutional competency of the Legislature to enact.

The State Constitution provides, (sec: 3, Declaration of Rights,) "the right of trial by jury shall be secured to all," and remain inviolate forever; sec. 8, that " no person shall be deprived of life, liberty or property without due process of law."

Amendment 14 of the Constitution of the United States declares, " nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

If we were to concede the competency of the Legislature to close the door of the courts upon a person charged by affidavit with standing in the relation of tenant to an adversary who sought to condemn his property to sale, unless and except and until he made a counter affidavit denying the relationship of tenancy, we would stop far short of justifying legislation, withholding from him the equal protection of the laws, in exacting from him that he should in addition to making the affidavit, give "a bond with good and sufficient surety " conditioned to pay the amount or value of the rent, which upon the trial should be found to be due, before he was permitted to enter the forum of justice, much less to litigate the fact of his tenancy, or the question of his tenancy, or the question of his indebtedness to his supposed landlord.

No provision is made for a trial, no trial is contemplated, in the absence of such an affidavit and such a bond. The language of section 5 is: " In all cases when the party distrained does not replevy the property, as above provided, within ten days, the same, or such part as is not restored, shall be sold and the proceeds applied to the payment of the rent claim and costs." In this case no judgment was in

fact, or could have been, rendered against the tenant under the statute.

By the law of the land, or due process, " is most clearly intended the general law ; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial."

" The definition here given," by Webster in the Darmouth College case, says Cooley's Constitutional Limitations, page 354, " is apt and suitable as applied to judicial proceedings, which cannot be valid unless they proceed upon inquiry, and render judgment only after trial."

The statute here assailed authorizes the seizure of property, its sale, and the actual application of its proceeds to the satisfaction of a supposed debt, upon a mere affidavit of the alleged creditor, without judicial or other inquiry into, or judicial or other ascertainment of, the facts, upon which the existence of the debt, and the creditor's right to this seizure and sale of another's property are made, by the statute, to depend.

Indeed the enjoyment of his right to a jury trial, supposed to be secured to him by the Constitution, is made to depend upon the tenants' ability to find " sureties " that he will pay the amount or value of the rent, which upon the trial may be found to be due.

If the Legislature may declare to a person supposed to be a tenant, " if an affidavit is made against you by a person alleging that he is your landlord, and that you are indebted to him as tenant, he may seize your goods and have the proceeds applied to his claim, and you shall not be permitted to contest the fact of your being a tenant, or the validity or amount of the claim, unless you make affidavit and give bond with sureties to pay the amount the jury may assess against you," what is to prevent the Legislature from saying to any other debtor, or supposed debtor,

you shall not litigate the existence, or question the amount of a claim preferred against you, unless and except and until you make affidavit of the non-existence of the claim and give bond with security to pay whatever amount the jury assess against you?

If these conditions may be tacked on to the right of trial by jury, or other form of defensive litigation, why may not other restrictions be declared and sustained as "due process," until the door of the courts is absolutely closed upon a party whose goods have been seized and sold and the proceeds applied to a claim, the justice, amount or existence of which he has had no day in court to contest.

Again: If the Legislature can thus make a distinction, may thus make, as against a particular class of debtors, viz: tenants indebted, or supposed to be indebted to landlords, anything due process which it chooses to declare such, where is the value of the constitutional prohibition found in the Fourteenth Amendment, securing to all the citizens the equal protection of the laws?

If this statute receives the judicial sanction, the courts of Florida are open to all classes of persons without "sale, denial or delay," save and except tenants, all forms of indebtedness may be contested, without bond, save and except a landlord's claim upon his tenant for rent.

"The right to a trial by jury cannot be subjected to the performance of a condition precedent." Greene vs. Briggs, 1 Curtis, 311, 339; 7 Meyer, F. D., Sec. 2528, and the preceding case.

The reasoning upon which the opinion in Blanchard & Burrus vs. Raines' executrix, 20 Fla., 467, relied on by appellant's proceeds, is at war with the case of Flint R. S. Co., decided by this court in 1848, 2 Fla., 102.

But even conceding the reasoning employed in the Blanchard-Burrus case to be the better view, that case and

the cases therein cited to its support, clearly show the courts regard the legal effect of the contract of the tenant to be to give a lien upon the goods upon the premises, and to involve a relinquishment of the tenant's right in so far as a relinquishment is necessary to have that lien enforced in the mode pointed out in the statutory proceedings.

This statute goes beyond enforcing this supposed lien. It authorizes not an attachment to enforce this particular lien, but a general attachment against the property of the tenant.

The language of the Act, Section 10, is: " Service of a distress warrant may be made on any property of the defendant, or that may be liable for the rent, whether the same be found on the premises or off of them, or in whose ever possession it may be found."

Before this act, under this reasoning, can be rescued from non-conformity to the constitutional provisions, State and Federal, quoted in our original brief, it is necessary to the argument to establish that, in the contract of tenancy, the tenant, by implication, created a lien upon all his property, to protect the landlord as to the rent reserved ; and, further, thereby agreed in advance that all his property, without the intervention of a trial, judgment or decree, might be condemned by the landlord to pay this claim for rent.

Now, if it be true, " our statute," as said by the court in the Blanchard Burrus case, " adopts the common law right of distress for rent," it cannot be contended that this right of distress extends to other goods of the tenant than those on the leased premises. Indeed, the landlord was authorized by the common law to seize goods of strangers on the premises, unless they were put there temporarily for the purposes of commerce.

So it is, if the tenant made the contract of rent in view

of this common law right of distress, thus broadly adopted by our statute, and this law of distress was so injected into that contract as to override the constitutional provisions which secured to the tenant, as to all other matters, the right of trial by jury, the right to be heard before the courts, without sale, denial or delay, the right to a judicial condemnation of his property to sale before it could be subjected thereto. We submit the tenant did not thus waive his constitutional rights, under this contract, when other property than that put within reach of the landlord by the common law right of distress was sought, as in this case, to be covered by a distress warrant.

As to this property, not within the reach of the common law distress, he made no waiver, relinquished no right, by any contract, express or implied.

THE CHIEF-JUSTICE delivered the opinion of the court:

This is a case in which a distress warrant was issued by appellants to collect money due to them on express contract for rent of a warehouse. The warrant was levied on goods in the house, and appellee interposed a claim to the goods under the statute. At the trial of the claim the plaintiffs in the warrant, appellants, were put first to proof of their right to subject the goods distrained to their debt. They assign this for error, saying correctly that in such a case the claimant, under the rule in this State, must first be put to proof of his ownership of the property. As the course of proceeding was a mere irregularity of practice, not objected to at the time, we think appellants should be held to have waived their right in the matter, and that it is not here available to them for error.

The next question raised by the assignment of errors, is whether the act of March 11, 1879, chap. 3131, applies to

claims for rent of store, or whether it is to be confined to claims for rent of lands used for agricultural purposes. How the question arose it is unnecessary to recite. The judge below decided that the statute does not authorize the proceeding by distress warrant for the collection of rent of a store, and this is the second error on which appellants base their appeal.

The parts of the act on which a decision of the question must rest are these: Sec. 1. "All claims for rent shall be a lien on agricultural products raised on the land rented, and shall be superior to all other liens and claims, though of older date, and also a superior lien on all other property of the lessee or his sub-lessee or assigns, usually kept on the premises, over any lien acquired subsequent to such property having been brought on the premises leased.

"Sec. 2. If any person to whom any rent may be due, his agent or attorney, executor or administrator, shall make affidavit," &c., the remainder of the section merely providing mode of procedure, as do the other sections of the act.

There is nothing in the title of the act to indicate that it was intended to apply to the renting of agricultural land only. While the first section does provide for a lien on agricultural products, it also provides for a lien on all other property. For what: "All claims for rent," not such claims as arise from the renting of agricultural lands, but "all claims." This interpretation of the language of the first section is confirmed by the language of the second, "if any person to whom any rent may be due," is as broad and general as the words "all claims for rent;" and the two taken together impress us as expressing the intention of the Legislature to give a remedy to all persons who rent out real property, whether agricultural lands, stores or other houses, or any other kind whatever.

This seems to have been the view of this court in the decision of Blanchard & Burrus vs. Raines, 20 Fla., 467, where it was held that this "statute adopts the common law right of distress for rent, but requires the landlord to make oath to the amount due," indicating that the difference lays in the mode of procedure, and not in any restriction of the statute to a particular class of landlords.

But the counsel for appellee contend that this statute is unconstitutional, in that it withholds the right of trial by jury. That question is determined otherwise in the case of Blanchard & Burrus vs. Raines, *supra*, and we will not disturb that ruling. The case in 2 Fla., 102, to which the counsel refers as in conflict with that ruling, is not so in fact. It is true of that case that the court held that a statute, which gave a summary remedy for the recovery of debts without trial by jury, was in derogation of common right, and unconstitutional. But the statute was one which authorized parties having claims against any steamboat, &c., running on the Apalachicola river, to make affidavit thereof before the Circuit Judge, whereupon the Judge was to cause judgment to be entered for the amount sworn to be due, and the clerk was to issue execution thereon. The ground of the decision was that the statute was one in derogation of the common law for the collection of debts. But the statute involved in this case is not one in derogation of the common law, but "adopts" that law. With this distinction in mind, it will be seen there is not the conflict counsel suggests; and we adhere to the decision holding it to be constitutional.

The judgment of the Circuit Court is reversed, and the cause remanded for proceedings in accordance with this opinion.