S. W. Fox, Assignee, Appellant, vs. C. H. Jones & Brother, Appellees.

1. The plaintiffs leased their store to Neff & Co., and Neff & Co. made an assignment of their goods in plaintiffs' store to Fox. Subsequent to the assignment, plaintiffs sued out a distress warrant against Neff & Co. for rent of the store, which was levied upon the goods in the possession of the assignee. The assignee interposed a claim to the goods levied upon, and at the trial of the cause, the court adjudged that the goods levied upon were subject to the plaintiffs' lien for rent of the store. *Held*, correct.

2. The assignee took the goods subject to the plaintiffs' lien thereon for rent of store.

Appeal from the Circuit Court for Duval County.

The facts of the case are stated in the opinion.

*M. C. Jordan, A. W. Cockrell & Son,* for Appellant.

*Walker & L'Engle,* for Appellees.

Mitchell, J. The appellees sued out a distress warrant in the Circuit Court of Duval county against J. H.

Neff & Co. for the rent of a store belonging to the appellees. Prior to the suing out of the warrant Neff & Co. had assigned to Fox. The warrant was levied upon a stock of goods found in the store leased by Neff & Co. of appellees. Fox, the assignee, interposed a claim to the goods so levied upon. At the trial of the cause a jury was waived and the cause submitted to the court. On the 17th day of May, 1888, the case was tried and the court rendered judgment in favor of the appellees, Jones and Brother. The appellant moved for a new trial, the motion was overruled and the case was appealed.

· The first error assigned is, the court erred in holding that the claimant, the appellant here, was the actor in the court below, and in requiring him to proceed and establish his case as plaintiff in the cause. The case at bar was before this court before, in C. H. Jones & Brother vs. S. W. Fox, assignee, 23 Fla., 454, and it then appeared from the record that at the trial in the court below the plaintiffs in the warrant, Jones & Brother, were put first to proof of their right to subject the goods distrained to their debt. Jones & Brother took a non-suit and appealed the case, assigned as error, among other things, the ruling of the court below requiring them first to prove their right to subject the goods distrained to their debt. The judgment was reversed, the court holding the rule in this State to be, that the claimant must first be put to proof of his ownership of the property. At the last trial of the cause the court below followed the rule as announced in the case *supra*, and hence, there was no error in the trial court deciding that the claimant was the actor, and the fact that the claimant was styled the "plaintiff," could certainly make no difference to any one interested in the result of the suit.

`The second error assigned is, the court erred in overrul-

ing the claimant's motion to dismiss the action of C. H. Jones & Brother. The ground of the motion referred to in this assignment of error was, "that the action of C. H. Jones & Brother, plaintiffs herein, be dismissed, on the ground that the said C. H. Jones & Brother, as plaintiffs herein, had at a former term of this court, as shown by the records herein, taken a voluntary non-suit." The non-suit was one taken with a bill of exceptions under the statute, and therefore the motion was properly overruled. See Chapter 3583 laws of Florida, act of February 3, 1885.

The third error assigned is, the court erred in ascertaining and adjudging that the property levied on, as shown by the return of the sheriff upon the distress warrant, is subject to the lien of said C. H. Jones & Brother for rent as claimed as against the claim of the claimant. At the trial of the cause the following statement of facts was agreed to by and between the parties to the suit: 1. That J. H. Neff, doing business as ship chandler and grocer under the name of J. H. Neff & Co., in the city of Jacksonville, Florida, was indebted to the plaintiffs for rent, as their tenant, under the lease filed herein as exhibit A. 2. Being so indebted, and the said rent being past due, and being also indebted to others, as shown in the assignment herein filed as exhibit B, executed said assignment to S. W. Fox, assignee, claimant herein, and the said Fox thereupon took possession of the stock of merchandise so assigned. 3. That subsequently the plaintiffs sued out the distress warrant as shown by the proceedings, which was levied upon said stock of merchandise so in possession of said Fox, but which had not at the time of the seizure been removed from the leased premises.

It is insisted for appellant that the statute under which this action was brought, Chapter 3131 laws of Florida, act

of March 11, 1879, gives the appellees no lien upon the goods in the store for their rent; that the statute applies exclusively to the lien of a landlord upon the agricultural products raised on the land rented. This position cannot be maintained. It was held when the case was before this court in 23 Fla., that the statute is not restricted to rents of agricultural lands, but applies to all rentals of real property. This language is plain, the conclusion there arrived at by the court has not been reversed or changed, and we see no reason for reversing it now. The claim of the appellees is for the rental of real property, and there was no error in the court below holding that the appellees' lien upon the goods in their store was superior to all other liens or claims upon said goods.

Second, that when the distress warrant was sued out, the title to the goods had passed to the claimant, and for that reason the court below erred in determining that the goods were subject to the plaintiffs' claim. This position is not tenable. The assignee acquired no greater interest in the goods than the assignor possessed before assignment, and when he, the assignee, took the goods he took them subject to the appellees' lien. The lien given by the statute is a charge upon the property of the tenant, and the landlord cannot be deprived of his lien at the will of the tenant by assigning the goods in the house rented, to a third party. Campbell Manufacturing Co. vs. Walker, 22 Fla., 422.

The fourth error assigned is, the court erred in overruling the motion of the appellant, claimant below, for a new trial. The grounds of this motion were: 1. The judgment rendered herein is contrary to law; 2. The judgment herein is contrary to the evidence; 3. The judgment is not supported by the evidence; 4. The judgment herein is not supported by the law; 5. The court erred in overruling

claimant's motion to dismiss plaintiffs' action; 6. The court erred in ruling, the claimant was the actor herein; and requiring him to proceed as such to establish his case. We have already considered the questions sought to be raised by the first, fourth, fifth and sixth grounds of the motion for new trial, and they will not be considered again. The second and third grounds of the motion, as to whether or not the judgment of the court below was against the evidence may be considered together; that there was an express agreement for the lease of the premises—the store of appellees—to Neff & Co. is evidenced by the lease itself, exhibit A, and the fact that Neff & Co. were doing a ship chandler and grocery business in appellees' store is evidenced by the agreed statement of facts between the parties, and, therefore, the only remaining question is, were the goods kept in the store leased by Neff & Co. of the appellees, such property as was usually kept on the premises as required by the statute, Chapter 3131 laws of Florida, act of March 11, 1879? The agreement upon the facts in the case shows that Neff & Co. were doing a ship chandler and grocery business, and the return of the sheriff upon the warrant shows that it was levied upon a stock of groceries of Neff & Co. in appellees' store. Groceries are property, and groceries are usually kept in a grocery store. The judgment was not against the evidence, and it is affirmed.