F. O. SAWYER PAPER COMPANY, Appellant, v. J. E. MANGAN, Defendant; MARY A. LUNEY, Interpleader and Respondent.

St. Louis Court of Appeals, December 18, 1894.

**Attachment**: RIGHT OF MORTGAGEE TO INTERPLEAD BEFORE CONDITION BROKEN. An interpleader for attached personal property or its proceeds can not recover, if he was not entitled to the possession of the property when he filed his interplea. Accordingly, such interplea can not be maintained by the mortgagee of the property, if filed before condition broken; and this is so, though the mortgagor afterwards fails to pay the mortgage debt.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Henry B. Davis* and *Henry M. Post* for appellant.

No brief filed by respondent.

BIGGS, J.—The plaintiff sued the defendant Mangan by attachment. The sheriff executed the writ on the fifteenth day of September, 1893, by levying on a lot of personal property as the property of Mangan. The property, when seized, was in the possession of Mangan. On the third day of October following the sheriff sold the property under the attachment process, and

realized from this sale $919.60. On the thirteenth day of October Mary A. Luney, the respondent, filed an interplea, claiming that she was the owner and entitled to the possession of the property levied upon under the writ of attachment. She set forth in the interplea that on July 31, 1893, the defendant Mangan executed, acknowledged and delivered to her, a chattel mortgage on the property mentioned; that the mortgage was given to secure two promissory notes, one for $1,500, dated July, 31, 1893, payable six months after date, and the other for $1,000 of same date, which was made payable one year from its date; and that by the terms of the mortgage she was then entitled to the possession of the property. The prayer was for an order on the sheriff to pay over the proceeds of the sale to her.

The answer to the interplea was a general denial, and also that the mortgage was given and accepted with the intention to cheat and defraud the creditors of Mangan.

On the trial of the interplea the respondent read the chattel mortgage from Mangan to her, and also the two notes described in the mortgage and mentioned in the interplea. The mortgage contained the usual stipulation, that, until condition broken, that is, until there was a failure to pay the notes according to their tenor, the mortgagor should retain possession of the property The mortgage was filed for record on the thirteenth day of September, which was two days prior to the levy under the attachment. The evidence adduced by the plaintiff in nowise discredited the *bona fides* of the mortgage and the notes, except that the mortgage was withheld from record without an adequate excuse. The plaintiff also introduced evidence, without objection, tending to prove that it had no notice of the mortgage, and that during the months of July and August it extended credit to Mangan on the faith of his absolute

ownership of the property in question. The cause was submitted to the court without a jury. The judgment entry recites that the issues were found for the inter-pleader; that she was entitled to the proceeds of the sale in the hands of the sheriff, and that the sheriff should pay over the same to her. The plaintiff has appealed from the judgment.

The assignment of error that, under the evidence, the judgment on the interplea ought to have been for the appellant must be sustained. Therefore the other questions presented by the briefs, need not be discussed.

An interplea in an attachment suit is substantially an action for the recovery of specific personal property, and, in order to maintain it, the interpleader must show that at the time of the filing of the interplea he was the general owner, or had a special interest in the property claimed, and that he was then entitled to its possession. This is the well settled law of this state. *Kirschen-schlager v. Armitage Herchel Company,* 57 Mo. App. 165; *Burgert v. Borchert,* 59 Mo. 80; *Mansur v. Hill,* 22 Mo. App. 375. It is equally well settled that when, by the terms of a chattel mortgage, the mort-gagor retains the possession of the property until con-dition broken, the mortgagee is not entitled to its pos-session until contingency happens. *Barnett v. Timber-lake,* 57 Mo. 499; *Kennedy v. Dodson,* 44 Mo. App. 550; *State to use, etc., v. Carroll,* 24 Mo. App. 358; *Chan-dler v. West,* 37 Mo. App. 631. And when under the terms of the mortgage the property is left in the posses-sion of the mortgagor for a definite period, the equity of redemption of the mortgagor in the property is sub-ject to execution and attachment. *Springate v. Koppel-man Furniture Co.,* 51 Mo. App. 1. Now, in the case at bar, the notes of Mangan to Mrs. Luney were dated July 31, 1893, and were due, respectively, in six and twelve months from that date. The condition of the

mortgage was that the notes should be paid in accordance with their terms. As to the possession of the property the mortgage reads as follows:

"The parties hereto agree that, until condition broken, said property may remain in possession of myself, John E. Mangan, but, after condition broken, the said Mary A. Luney may at her pleasure take and remove the same, and may enter into any building or premises of the said John E. Mangan for that purpose."

Under no other circumstances or conditions was the interpleader to have the right of possession. The interplea was filed before the maturity of either note, and, under the authorities, it is clear that she had no right to maintain it. It was prematurely filed. The fact that Mangan subsequently failed to pay the mortgage debt, can make no difference. *Farrell v. Fritschle*, 30 Mo. 190. To enforce her claim to the proceeds of sale (*Young v. Kellar*, 94 Mo. 581) she ought to have filed her interplea after default under the mortgage. This is technical, but, in our opinion, there is no escape from it.

With the concurrence of the other judges, the judgment of the circuit court will be reversed and the cause remanded. It is so ordered. All concur.