Barney Cavanaugh Hardware Co., a Corporation under the Laws of Alabama, vs. Lewis & Bro.; T. G. Bush & Co., a Mercantile Firm composed of T. G. Bush, J. S. Knight and N. F. Neville vs. Lewis & Bro.; Lowenstein Bros., a Mercantile Firm composed of Marcus Lowenstein and Louis Lowenstein, vs. Lewis & Bro.; The Standard Guano and Chemical Manufacturing Company, a Corporation under the Laws of Louisiana, vs. Lewis & Bro., a Mercantile Firm composed of H. H. Lewis and Wm. A. Lewis, of Jackson Co., Fla. ,

Original suit brought by attachment.

*To the Hon. W. D. Barnes, Judge of Said Circuit :*
Your petitioners, Lewis & Bro., a mercantile firm composed of H. H. Lewis and Wm. A. Lewis, and the defendants in the above stated cause now pending in the Jackson Circuit Court, and Mrs. Callie H. Lewis respectfully showeth unto your Honor, First: That they are residents, citizens of Jackson County, Florida. That on the 1st day of October, A. D. 1892, the said Lewis & Bro. executed to the said Mrs. Callie H. Lewis a chattel mortgage on a stock of merchandise in their store house in the town of Greenwood, in said county, to secure an indebted-

ness due the said Callie H. Lewis by said Lewis & Bro. That the indebtedness undertaken to be secured was in excess of the security given in value and that said stock of goods were at the time of the execution of said mortgage inventoried at $3,450.00 or thereabouts; and that the same were worth about three thousand ($3,000.00) in cash.

Your petitioners further show unto your Honor that on the 7th day of October, 1892, S. Waxelbaum & Son of Macon, Ga., and A. G. Levy & Co. of Mobile, Ala., procured writs of attachment issued by Frank Phillips, Clerk of the Circuit Court of Jackson County, Florida, against Lewis & Bro. That said attachments were levied by A. Scott as Sheriff of said County on said stock of merchandise to satisfy an indebtedness claimed by them in their affidavits of $5,461.00 dollars, besides the costs of Court, that said levy was executed as aforesaid, on the 7th day of October, A. D. 1892.

Your petitioners further show unto your Honor that on the 24th day of October, 1892, your petitioner Mrs. Callie H. Lewis executed and filed with the Clerk of said Court (Frank Phillips) her claim affidavits, and with the Sheriff aforesaid her claim bonds aggregating 5800.00 dollars, whereupon the Sheriff aforesaid released and turned over to your petitioner Callie H. Lewis the stock of merchandise aforesaid. That at the same time that the attachments were issued, or within one or two days thereafter, and before the claim of your petitioner was instituted in the said Court, that S. Waxelbaum & Son instituted their suit of replevin for a portion of the same goods that had been levied upon by said A. G. Levy & Co., and that the same amounting to about $800.00 dollars were turned over to their possession, and in turn were with

the remaining stock which was inclusive of the entire stock levied upon, turned over by said Sheriff to your petitioner, Callie H. Lewis.

Your petitioners further show unto your Honor, that on the 18th day of October, 1892, and since that time, The Standard Guano and Chemical Manufacturing Company, a corporation under the laws of Louisiana, had procured and issued out of the same Court by the said Frank Phillips as Clerk aforesaid two (2) attachments against the said Lewis & Bro. as aforesaid. That Barney Cavanaugh Hardware Company, a corporation under the laws of Alabama, had procured attachments out of the same Court issued by said Clerk, and against said Lewis & Bro. That T. G. Bush & Co., a mercantile firm composed of T. G. Bush, J. S. Knight and R. F. Neville, of Mobile, Ala., procured out of the same Court, by said same Clerk aforesaid writs of attachment against said same Lewis & Bro. That Lowenstein Bros., a mercantile firm composed of Marcus Lowenstein and Louis Lowenstein had also procured attachments issued out of said Court by said Clerk against your petitioners Lewis & Bro. as aforesaid. That all the above last named attachments had issued out of the Circuit Court of Jackson Co., returnable to the November term thereof, since the 18th day of October, 1892, and since your petitioner Mrs. Callie H. Lewis had replevied the stock of merchandise which had been levied upon under the first named attachments as the property of Lewis & Bro.

Your petitioners further show that on the 18th day of October, A. D. 1892, that A. Scott as Sheriff, aforesaid, did by virtue of his office as Sheriff and under the last named writs of attachments again seize and reduce to his possession the entire stock of merchandise which had

been by him before levied upon, and while the same suits were pending in said Court, and before the claim of the said Callie H. Lewis had been disposed of. That said Sheriff, over the protest of your petitioner and the sureties on her forthcoming bond, had taken the goods then and there already in the custody of the law, and levied the last name writs of attachments against said Lewis & Bro. since the interposition of her claim.

Your petitioners further show unto your Honor that Frank Phillips as Clerk of said Court aforesaid did on the 24th day of October, A. D. 1892, issue an order commanding the said A. Scott as Sheriff aforesaid to sell said goods under the powers conferred under Sec. 1655 of the Revised Statutes of Florida, and that A. Scott in obedience to said order did advertise the same to sell on the 29th of the present month, only two days off, that a copy of said advertisement is hereunto annexed. (*Not found by the Clerk*)

Your petitioners further show unto your Honor that the said Lewis & Bro., as aforesaid, have filed with the Clerk of said Court, a motion to dissolve all of the aforementioned attachments.

The premises considered, your petitioners Lewis & Bro., the defendants in all the beforementioned attachments, and Callie H. Lewis, the claimant to all the property levied upon, moves the Court to grant an order vacating the last levies made by said Sheriff in favor of The Standard · Guano and Chemical Mfg. Co. in two different attachments, brought by them at the same time in the same Court, and levied on the said same stock of merchandise, also the levy made by said Sheriff on said same stock in favor of The Barney Cavanaugh Hardware Co., also the levy made by said

Sheriff in favor of T. G. Bush & Co., and Low-enstein Bros. all against said Lewis & Bro. and levied on said same stock of merchandise, and to return the possession of the same to the claimant Callie H. Lewis, because the stock of goods, the subject of the last named levy which we ask to have vacated, was and is in the custody of the law, and because the same was tortious and void, because the same was forbid by the sureties who demanded its retention by the Sheriff, while in his possession last, that the same might be forthcoming under the terms of their bond, and because the same if not prevented will be sold and put out of the reach of the sureties, whose power to have the same forthcoming would be then destroyed.

Mrs. Callie H. Lewis,<br>Lewis & Bro.

*State of Florida, Jackson County.*

Before me, Frank Phillips, Clerk of the Circuit Court of said County, personally came H. H. Lewis, one of the firm of Lewis & Bro., and one of the petitioners in above motion, who is also one of the defendants to the aforesaid and stated cases, who being by me first duly sworn, deposes and says that all the matters and things alleged in the petition herein are true and correct according to his knowledge and belief.          H. H. Lewis.

Sworn to and subscribed before me this 2nd day of October, 1892.          Frank Phillips,
Clerk of the Ct. Ct. Jackson Co.

To this petition the defendants named therein filed the following demurrer: "Now come the respondents and demur to the petition herein, and for matters of law

to be argued say, that petitioners have not made or stated such a case as to entitle them to the relief prayed or sought.  It is not shown that petitioner Callie H. Lewis was ever lawfully and rightfully in possession of the property levied upon by virtue of respondents' several writs of attachment.  A mortgagee of a chattel mortgage has no standing in a court of law to interpose a claim to the mortgaged property levied upon.  There is in the petition no allegation of legal title or possession of said stock of goods in Mrs. Callie H. Lewis.  The giving of a claim bond by Callie H. Lewis and delivery of the property to her operated as a release of the lien of the previous attachments.  Property if in *custodia legis* by virtue of former attachments under our statutes is liable to levy under junior attachments.  A motion to vacate is not the proper remedy of the petitioners.  The remedy of petitioner, Callie H. Lewis, is by claim proceedings, replevin, or a bill in chancery for an injunction.  The proper remedy of defendants, Lewis & Bro., is by motion to dissolve the attachments."

Upon this demurrer the Circuit Judge on November 8th, 1892, made the following order:  "These several suits brought by attachment to November term, a rule day.  These several causes coming on to be heard upon a motion made by the defendants and Mrs. Callie H. Lewis, the claimant in a claim suit now pending in this court involving the identical goods levied upon by the sheriff to satisfy the writs issued in the above cases.  The motion being to vacate the levy made by the sheriff and to have the property levied upon returned to the claimant.  There was a demurrer interposed to the motion or petition, and, upon a hearing of argument by counsel, it is the order of

the court that the demurrer is overruled, and the plaintiff asking time within which to file an answer, it is further ordered that they be allowed ten (10) days within which to make answer. It is further ordered that the sale of the goods levied upon be suspended for thirty days, and if no answer filed by the plaintiffs, to abide the further order of the court." Afterwards on November 17th, 1892, the court made the further order following: "This cause coming on for further hearing, the respondents announcing that they do not desire to file answer to the petition: It is considered by the court and ordered that the motion to vacate the levies of the attachments of the respondents upon the stock of merchandise mentioned in the petition be denied, but that the sheriff of Jackson county, Florida, surrender possession of the same to Callie H. Lewis, the petitioner, within fifteen days from this date, unless supersedeas bond on appeal or writ of error be filed and approved within said time. The court hereby fixes the amount of bond that will be required from the respondents or such of them as may desire to appeal or sue out writ of error to operate as a supersedeas at the following amounts: The Standard Guano and Chemical Manufacturing Company at the sum of two thousand dollars; Lowenstein Brothers at the sum of four hundred dollars; The Barney Cavanaugh Hardware Company at the sum of two hundred dollars; T. G. Bush & Company at the sum of three hundred dollars; said bonds to be made payable to Callie H. Lewis and to be conditioned to pay all costs, damages and expenses which she may suffer or be put to by reason of the suing out of said writ of error, in case the judgment of this court be affirmed. The giving of such bond as herein prescribed for said respondents shall operate as a supersedeas of this judgment, and the

judgment herein of November 8th, 1892, overruling demurrer to petition herein and suspending sale under proceedings under attachment writs against Lewis & Brother, as to said respondents, immediately upon the filing of said bond." From this judgment the defendants named in the petition have taken this writ of error.

The order overruling the demurrer to the petition, and the order directing the sheriff to surrender the goods levied upon under the respondents' several writs of attachment to the petitioner Callie H. Lewis are assigned as error. The court below erred in both of these orders. The respondents' demurrer to the petition should have been sustained and the petition dismissed, for the following reason: By her petition Mrs. Callie H. Lewis shows that she has no other right, title or interest in or to the personal property levid upon by the various writs of attachment in favor of the respondents to her petition than that of a mere mortgagee holding a lien thereon in the shape of a chattel mortgage. She does not show that she was in possession or entitled to the possession of the property in controversy that was levied upon by the writs of attachment as the property of Lewis and Brother. A person holding a bare mortgage upon personal property in this State, with no right to present possession for such property, can not maintain a claim proceeding of such property, under the statutes of this State, as against attaching creditors of the mortgagor thereof. Stansel v. Rountree & Co., 40 Fla. 428, 25 South. Rep. 277. As this disposes of the case we will not discuss other questions presented.

The judgment of the court below is reversed, with directions to sustain the demurrer to the petition of the defendants in error, and to dismiss such petition.