THE H. B. CLAFLIN COMPANY, A CORPORATION UNDER THE LAWS OF NEW JERSEY, AS TRUSTEE FOR NOAH H. GREEN, PLAINTIFF IN ERROR, VS. WILLIAM S. HARRISON AND NOAH H. GREEN, DEFENDANT IN ERROR.

1. One who interposes a claim under the statute to property levied upon by virtue of a writ of attachment can not be permitted to prove at the trial of such claim that no valid levy of the attachment had been made, as the validity of the levy of the process can not by the claimant be made an issue between himself and the plaintiff in the process in such proceeding.

2. In claim proceedings under the statute the burden of proof is upon the claimant, who must recover upon the strength of his own title and right to possession of the property claimed, and the claimant has the right to open and close.

3. An assignment for the benefit of creditors which purports upon its face, or is shown by other evidence, to include only a part of the assignor's property and to have been made for the benefit of a portion only of the assignor's creditors is, under section 2307 Revised Statutes, void as to attaching creditors of the assignor.

4. An attachment issued at the instance of a creditor of the assignor and levied upon property embraced in an assignment theretofore executed which is void as to such creditor under section 2307, Revised Statutes, because it embraces only a part of the assignor's property and is made for the benefit of a portion only of the assignor's creditors, can not be displaced, or the rights of such attaching creditor thereunder cut off by the making of a subsequent assignment for creditors in proper form, even though it was intended by such new assignment to correct the fatal defects in the former one.

5. Subsequent to the institution of a claim proceeding by an assignee for creditors for property embraced in the as-

signment levied upon by virtue of a writ of attachment issued at the instance of a creditor of the assignor, a judgment was obtained in the attachment proceeding upon which execution issued, and at the time of the trial of the claim proceeding such execution had been paid in full. The execution had, however, been levied upon the identical property embraced in the claim proceeding and the property had been sold thereunder without objection on the part of the claimant, and the proceeds had been paid over to the plaintiff in execution in part satisfaction thereof: **Held,** that the plaintiff in attachment had not by reason of the payment of his execution under such circumstances been deprived of his right to question the validity of the title asserted by the claimant, under and by virtue of the assignment, to the property embraced in the claim proceeding.

6. The issues in a claim proceeding are confined to the specific property embraced in the claim affidavit and bond, and the judgment to be entered must be confined to that specific property.

Writ of Error to the Circuit Court for Suwannee County.

The facts of the case are stated in the opinion of the court.

*Hampton & Ammons,* for Plaintiff in Error

*B. B. Blackwell,* for Defendant in Error.

CARTER, J.

On December 4, 1894, plaintiff in error, and A. Leffler & Son, a partnership composed of A. M. Leffler and A. Leffler, purporting to act as trustees, filed their claim

affidavit and bond with the sheriff of Suwannee county, alleging in the affidavit that certain personal property levied upon by said sheriff under and by virtue of a writ of attachment in favor of defendant in error, William S. Harrison, against defendant in error Noah H. Green, belonged to them as trustees for the creditors of said Green. The property embraced in the claim affidavit was thereupon delivered to claimants, and the attachment writ, affidavit and bond were filed in the Circuit Court of that county. On June 14, 1895, claimants filed their motion to amend the affidavit and bond in certain respects not material to the qestions presented upon this writ of error, which motion was granted. The amendments were made by plaintiff in error the H. B. Claflin Co., and it at the same time filed an affidavit showing that A. Leffler & Son, the other claimants, refused and declined to make the amendment in accordance with the order of the court, and that it, the H. B. Claflin Co. was thereby forced to act alone for the protection of the trust fund. Thenceforth the claim proceeding was conducted in the name of the H. B. Claflin Co. as claimant, against the plaintiff in attachment without objection.

On May 21, 1896, the cause came on for trial and the jury was sworn, among other things, to give plaintiff in attachment such damages, not exceeding twenty per cent., as might appear reasonable and right in case it appeared to the jury that the claim was interposed for delay. Claimant objected to this provision in the oath, but the court overruled the objection and exception was taken to the ruling.

Claimant introduced in evidence an instrument purporting to be an assignment for the benefit of creditors, executed December 3, 1894, by Noah H. Green to the H.

B. Claflin Co. and A. Leffler & Son, purporting to convey ·certain personal property therein described, and also all ·unincumbered real estate owned by Green in the State of ·Florida, in trust for certain creditors specifically named (not including plaintiff in attachment Harrison), as well as for any other unsecured creditors of Green. Claimant also introduced testimony showing that the personal ·property embraced in the assignment was on the same ·day delivered to the H. B. Claflin Co. and A. Leffler & ·Son in pursuance of this assignment, and that thereafter, ·on the same day, a portion of the property was levied ·upon by the sheriff under the writ of attachment in favor ·of Harrison against Green, and on the next day this ·claim proceeding was instituted for the property so levied upon. Claimant also introduced in evidence another instrument executed subsequent to the levy of the attachment, purporting to be an assignment for the benefit of ·creditors made by Green to the H. B. Claflin Co. and A. Leffler & Son, which recited the making of the former ·assignment, and that the names of some of Green's creditors and a part of Green's property, were omitted therefrom, and conveying to said grantees in trust for creditors the same property mentioned in the former assignment and certain other property therein described, for the equal benefit of all of the creditors of Green. Claimant also introduced the record in attachment proceedings of Harrison against Green, by which it was shown that on March 4, 1895, Harrison recovered final judgment therein for a stated sum of money, that execution issued upon this judgment, was levied upon certain property which was sold May 6, 1895, for a sum less than the ·amount of the judgment, and that on the last named ·day Harrison, the plaintiff, endorsed on the execution

his receipt for the full amount due thereon. Other un-contradicted testimony showed that the greater part of the identical personal property embraced in the claim proceeding was included in the levy and sale made under the execution obtained in the attachment suit, without objection on the part of claimant, so far as the testimony discloses. Other testimony was introduced which it is not necessary to set forth, and the jury returned a verdict in favor of Harrison, the plaintiff in attachment, but awarded no damages. A motion for a new trial inter-posed by claimant was overruled and an exception noted.

Various errors are assigned relating to the oath to the jury, to rulings admitting, refusing to strike, and reject-ing testimony, giving or refusing to give charges, permit-ting a witness to be recalled for cross-examination, refus-ing the motion for new trial, and to the form of the judg-ment entered, but in view of the conclusion we reach it will be necessary to refer specially to only a few of them.

I. As the jury failed to find any damages against the claimants, we fail to see how it could have been injured by the provision in the oath administered to them which claimant objected to. If this was an error, which is neither admitted nor denied, it was an immaterial one un-der the circumstances of this case.

II. The court excluded testimony offered by claimant tending to show that the sheriff never made a valid levy of the attachment writ upon the property embraced in the claim proceeding. This ruling is obviously correct. The claim proceeding must necessarily be based upon a levy upon personal property, and by instituting such a pro-ceeding the claimant conclusively admits the regularity and validity of the levy upon or seizure of the property under the process. If the property has not in fact been

levied upon, a claim proceeding will not lie. The validity of the levy of the process can never become an issue between the claimant and the plaintiff in such process in a claim proceeding.

III. All other assignments of error, except that relating to the judgment entered upon the verdict, may be disposed of by saying that claimant was not, and could not have been, injured by reason of any error that could be found under them. In proceedings of this character the burden of proof is upon the claimant, who much recover upon the strength of his own title, and right to possession of the property. Price v. Sanchez, 8 Fla. 136; Jones v. Fox, 23 Fla. 454, 2 South. Rep. 700; Stansel v. Rountree, 40 Fla. 428, 25 South. Rep. 277. In Jones v. Fox, *supra*, text 459, it is said that at the trial of the claim the plaintiffs in the process were put first to proof of their right to subject the goods levied on to their debt, that they assigned this for error saying correctly that in such a case, the claimant under the rule in this State must first be put to proof of his ownership of the property, and in other cases disposed of by this court without written opinion it has been held that the burden of proof is upon the claimant, and that he has the right to open and close. In this case claimant's source of title to the goods was an assignment for the benefit of creditors, which purported upon its face, and was shown by other evidence introduced by claimant, to include only a part of the assignor's property and to be made for the benefit of a portion only of the assignor's creditors, and which as against plaintiff in attachment a creditor of the assignor was absolutely void under the statute. Section 2307 Revised Statutes; Williams v. Crocker, 36 Fla. 61, 18 South. Rep. 52. It is true that subsequent to the

levy of the attachment another assignment was made in order to correct the defects in the prior one, but the rights of the attaching creditor were fixed by the levy of his attachment and could not lawfully be displaced or cut off by a new assignment for creditors, even though it was intended by such new assignment to correct the fatal defects in the prior one. It is insisted, however, that the uncontradicted evidence showed that at the time of the trial of the claim proceeding the xecution issued upon the judgment obtained in the attachment proceeding had been paid in full, and that the plaintiff in attachment under those circumstances should not be permitted to attack the validity of the assignment. But it appears that the greater part of the identical property embraced in the claim proceeding had been sold under that execution, and as the right of the plaintiff in that execution to retain the proceeds of that property as a credit upon his execution rested upon the superiority of his right under his writ of attachment over the title derived by claimant from the attachment and judgment debtor, he had a right to assert the invalidity of the claimant's title as against his writ of attachment, and was enitled to a judgment adjudicating his superior right. The verdict of the jury under the uncontradicted evidence was the only verdict that could lawfully have been rendered, and consequently the errors complained of which we are now considering could not have been injurious to claimant.

IV. The judgment entered declares that the right of property in certain described property was in N. H. Green, the defendant in attachment, at the time of the levy of such writ, and that such property was subject to such writ of attachment, and also adjudges costs to the plaintiff in attachment. Complaint is made in one of

the assignments of error that the property described in this judgment includes not ouly that particular personal property embraced in these claim proceedings, but also other personal property and real estate, in fact all the property included in the two assignments executed by Green to the H. B. Claflin Co. and A. Leffler & Son. We find that this. is so, and for that reason the judgment entered is erroneous. The issues in a claim proceeding are confined to the specific property embraced in the claim) affidavit and bond, and the judgment must be confined to that specific property.

The judgment is reversed and the cause remanded with directions to the Circuit Court to enter a proper judgment upon the verdict.