# ALVAREZ v METROPOLITAN DADE COUNTY ENVIRONMENTAL QUALITY CONTROL BOARD

Case No. 90-158 AP

Eleventh Judicial Circuit, Dade County

June 11, 1991

## APPEARANCES OF COUNSEL

**Carolyn A. Pickard, Esquire,** for appellant.

**Peter S. Tell, Esquire,** Assistant County Attorney, for appellee.

Before KAHN, GREEN, SHAPIRO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Pablo Alvarez and Teresa Alvarez (Alvarez) appeal denial of a variance application. We affirm.

Without a variance from the Metropolitan Dade County Environ-

mental Quality Control Board (Board), Alvarez could not conduct certain specified automobile repair activities in conjunction with their tire business because of the potential damage to the underlying water wellfield.

Alvarez claims a failure of due process because a Firestone store was granted a request similar to the one denied them. We find no merit to that claim, if for no other reason than the location of the Alvarez property in a different (and more sensitive) protected area than that in which the Firestone store is located. It is not our function to second guess the Board or to substitute our judgment for that of the Board where there is a competent basis for its action.

Alvarez also claims denial of due process because the Board staff had two inspectors visit the property the day before the hearing, and surprised Alvarez at the hearing with evidence (including photographs) that not only was the business already conducting prohibited activities for which the variance was sought, but was also conducting activities that had been specifically prohibited in connection with a previous variance application addressed two years earlier.

Unannounced inspections are not only proper, they are necessary. What is of concern is what appears to be ambush-like tactics of the Board staff. The courts have adopted rules to avoid that type of conduct, and we find that there should be a full and fair opportunity to address all issues at hearings before the Board also. We suggest that it was a trifle highhanded to spring on Alvarez at the Board hearing, the damaging findings resulting from the inspection the day before. Certainly it would have been a better practice to conduct the inspection more in advance of the hearing, and to make the findings available to Alvarez.

Nevertheless, Alvarez, represented by experienced counsel, did not request that the hearing be conducted to permit an opportunity to contest more thoroughly the revelations occasioned by the inspection. It has long been established that there must be a timely objection to a practice irregularity, in order to raise it on appeal. *Jones v Fox,* 23 Fla. 454, 2Do. 700 (1887).

This is not to suggest that had a continuance request been made and granted, the outcome would have been any different. The hearing transcript reveals a complete discussion in which Alvarez' counsel participated. It might have been a considered tactical decision to decline the opportunity to request a continuance. The appellate court is not the place to reconsider—two bites of the apple are not permitted.

Affirmed.