BROWNWELL & WIGHT CAR COMPANY, *Plaintiff In Error*, v. BARNARD *et al.;* COLBERN, *Interpleader.*

### Division Two, May 11, 1897.

1. **Attachment:** PRACTICE: MOTION TO DISMISS AFTER JUDGMENT FOR INTERPLEADER. Plaintiff sued the defendants, and attached four of their street cars; Colbern filed his interplea and recovered thereon all the property attached, and then made motion that plaintiff be required to give new attachment bond; thereupon plaintiff dismissed its attachment and demanded a trial on the merits; this was denied plaintiff, and no new bond having been filed within ten days, the circuit court dismissed plaintiff's suit. *Held,* that plaintiff was entitled to a trial on the merits, and that the trial court committed error in dismissing the cause.

2. ———: JUDGMENT: GENERAL LIEN. A judgment in attachment holds only the property attached; but a judgment on the merits holds the other property of defendant. The interpleader may show that he is entitled to the property attached, but this in nowise precludes plaintiff from showing on the merits of the suit that he is entitled to a general judgment lien against the defendant's other property.

3. ———: ———: INTERPLEA. The proceeding by interplea is a separate proceeding from the attachment, in that the interpleader must recover upon the strength of his own title to the attached property. The right to the property is the point at issue, and the interplea obviously should be heard and determined before the attachment.

4. ———: ———: ———. An interplea, by section 572, Revised Statutes 1889, is a statutory replevin engrafted on the attachment act.

5. ———: ———: ———. When the interpleader obtains a final judgment for all the attached property, the cause stands as if no attachment had ever issued, and the plaintiff has the right to dismiss his attachment voluntarily and proceed on the merits without regard to the attachment.

*Error to Johnson Circuit Court.*—HON. JAMES H. LAY, Special Judge.

REVERSED AND REMANDED.

*W. B. Thompson* and *J. W. Suddath* for plaintiff in error.

(1) There being no other property attached than the four street cars under the writ of attachment, and the interpleader having claimed the property attached and that issue having been decided in favor of the interpleader by final judgment, there was practically no attachment suit pending. The attachment and all of its incidents had been determined, and hence the court had no jurisdiction whatever to order a new bond. Drake on Attachments [1891 Ed.], sec. 5. (2) "Such a suit is in all respects an action *in personam*, with the added incident that the property attached remains liable under the control of the court, to answer any demand which may be established against the defendant by the final judgment of the court." *Cooper v. Reynolds*, 10 Wallace, 308. (3) The interpleader's claim in this case was like an action of replevin engrafted upon the attachment suit, and after that suit was determined there was nothing further for the court to determine in regard to the interpleader. *Burgert et al. v. Borchert et al.*, 59 Mo. 80. (4) It is submitted, therefore, that the court had no jurisdiction over the attachment suit at the time the motion to dismiss was made, nor was Colbern, the interpleader, in court, or had any standing authorizing him to make such a motion.

*O. L. Houts* for defendant in error.

GANTT, P. J.—The record in this case shows that this was an action in which a writ of summons was issued to the defendants, Frank Barnard, J. B. Wood, Frank Wood and M. Fairchilds Doud, all of whom were served with a summons, except defendant Frank

Barnard, who entered his appearance in said cause. There was also a writ of attachment issued in the case, and under said writ four street cars were levied upon as the property of defendants. This property was claimed by George W. Colbern, who subsequently filed an interplea in the case, and the issue was formed upon that interplea, and upon the trial of that issue judgment was entered in favor of the interpleader. The judgment was appealed from, and was subsequently affirmed in the Supreme Court.

After that judgment was affirmed in the Supreme Court, and the cause of action on the interplea entirely disposed of, Colbern, the interpleader, appeared before the circuit court and filed a motion to compel plaintiff to give a new attachment bond. The attachment practically was disposed of when this motion was made, but the plaintiff offered to and did dismiss its attachment writ, and demanded a trial upon the merits of the cause. This was denied plaintiff, and the court thereafter sustained a motion of the interpleader to dismiss the suit upon its merits, because plaintiff failed to give a new attachment bond. The only question therefore for decision is, did the circuit court err in dismissing the case on the motion of the interpleader?

Section 556, Revised Statutes 1889, provides that, "When the defendant has been served with the writ, or appears to the action, the proceedings in the cause shall be the same as in actions instituted by summons only, and the judgment and execution shall hold, not only the property attached, but the other property of defendant." By section 572, Revised Statutes 1889, a statutory replevin is engrafted on the attachment act. It provides that "any person claiming property, money, effects or credits attached, may interplead in the cause, verifying the same by affidavit, and issues may be made upon such interplea, and shall be tried

as like issues between plaintiff and defendant, and without any unnecessary delay."

This proceeding by interplea is a separate proceeding from the attachment. In it the interpleader must recover upon the strength of his own title to the attached property. The right to the property is the point at issue, and the interplea obviously should be heard and determined before the attachment. The determination of that issue in favor of the interpleader can not, in reason or law, affect the plaintiff's right in the principal action to a judgment on the merits against the defendants. Whether plaintiff maintains his attachment or whether it is quashed, or the interplea is sustained, his right to continue his action against the defendant can not, under the statute or the analogies of the law and common sense, be doubted.

There can be no reason why it should. The attachment is merely a proceeding in aid of the action commenced concurrently with or after the suit is commenced.

We presume that the circuit court based its judgment upon sections 529 and 530, Revised Statutes 1889. By these sections it is provided that if the court at any time pending a suit by attachment deems the bond insufficient it may require plaintiff to give a new bond. Section 530 is in these words: "If the plaintiff shall fail to comply with such order within ten days after the same shall be made, *the suit* shall be dismissed at his costs."

The right of plaintiff to proceed in its action against the defendants on its cause of action against them after personal service and appearance, without the interference of the interpleader is too plain for discussion. The interpleader having obtained a final judgment for all the attached property, the cause stood

as if no attachment had ever issued.   The plaintiff had the right to dismiss its attachment voluntarily, and proceed without regard to the attachment.

The action is in all respects one *in personam*.  While the language of the statute (sec. 530) authorizes the court to dismiss *the suit*, it evidently refers to those suits in which the court has jurisdiction only by virtue of the levy of the attachment, or to the dismissal of the attachment proceeding in those cases where personal service is had.   The spirit and purpose of the statute is so clear that it is not susceptible of any other fair construction.

The court erred in refusing to permit plaintiff to proceed on its cause of action against the defendants and for this error the judgment is reversed and cause remanded.

SHERWOOD and BURGESS, JJ., concur.