THE I. STADDEN GROCERY COMPANY, Appellant, v. MRS. M. LUSK, Defendant; C. W. McANINCH, Interpleader, Respondent.

### Kansas City Court of Appeals, June 9, 1902.

1. **Attachment: INTERPLEA: TITLE: POSSESSION.** An interplea is a separate proceeding from the attachment and the right of property is the issue; and the interpleader must show his right at the time as general or special owner to the immediate exclusive possession. (Cases considered.)

2. ————: ————: **POSSESSION: DESTRUCTION OF PROPERTY: ACTION.** An interplea is in the nature of replevin engrafted on an attachment proceeding, and is a possessory action; and where the attached property had been burned before the interplea is filed, the proceeding can not be sustained.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves*, Judge.

REVERSED.

*Silvers & Silvers* for appellant.

(1) An interplea under section 417, Revised Statutes 1899, is a statutory replevin engrafted onto an attachment proceeding. Spooner v. Ross, 24 Mo. App. 599; Hollman & Co. v. Pollock & Co., 47 Mo. App. 205; Huiser v. Beck, 55 Mo. App. 668; Car Co. v. Barnard, 139 Mo. 142, l. c. 144. (2) In the trial of the interplea in this attachment proceeding, the interpleader McAninch took the place of a plaintiff in an ordinary replevin suit; and the plaintiff in the attachment became the defendant in the trial of the interplea. Giett v. McGannon, 74 Mo. App. 209. (3) The evi-

dence all shows that long prior to the time the interpleader filed his interplea, the goods in controversy were consumed by fire. There can be no claim enforced for specific personal property not in existence at the time the claim is filed; and not in the possession of the defendant (attaching creditor) when the interplea is filed. Davis v. Randolph, 3 Mo. App. 454; Feder v. Abrahams, 28 Mo. App. 454; Broadwater v. Darne, 10 Mo. 277; Gulath v. Waldstein, 7 Mo. App. 66; Haeger v. Marcus, 5 Mo. App. 565; L. C. Spooner v. Ross, 24 Mo. App. 603. (4) The interpleader should be entitled to the possession of the specified property in controversy at the time he files his interplea. Sawyer Paper Co. v. Mangan, 60 Mo. App: 76; Hardware Co., v. Hardware Co., 75 Mo. App. 518.

*Francisco & Clark* for respondents.

(1) The interpleader gets his authority to file the claim as herein made by virtue of section 417, Revised Statutes 1899. (2) While an interplea is sometimes called a "statutory replevin engrafted onto an attachment proceeding" or is in the nature of replevin engrafted by statute, yet it is not a replevin action and differs from replevin in many respects. Merely naming it such does not change, or abridge, the right conferred by the statute. The statute itself must govern. (3) Replevin is a possessory right without regard to ownership, while in interplea the ownership of the property is the sole issue. The possessory right is not in issue. Beck v. Wisely, 63 Mo. App. 239; Engine & Threshing Co. v. Glazier, 55 Mo. App. 95; Nolan v. Deutsch, 23 Mo. App. 1; Wells v. Thompson, 54 Mo. App. 41; Hewson v. Tootle, 72 Mo. 637; Car Co. v. Barnard, 139 Mo. 142. (4) The judgment for an interpleader should be simply that he is the owner of the property attached, and not for the possession of it as

in replevin.    Grocer Co. v. Goetz, 57 Mo. App. 8;
Engine & Threshing Co. v. Glazier, 55 Mo. App. 95.

BROADDUS, J.—In November, 1900, the plaintiff
commenced an action against Mrs. Lusk, in aid of
which an attachment was issued, under which the sher-
iff on the seventeenth of said month seized certain
property, as the property of the defendant, consisting
of dry goods, groceries, drugs, notions, etc., then in a
store building at Lone Oak, Missouri; on the nineteenth
day of said month the court ordered said goods to be
sold and the sheriff to hold the proceeds subject to the
further order of the court.   Soon after said order and
before a sale thereunder, the said property was de-
stroyed by fire.

At the February term of the circuit court for Bates
county, and after the destruction of the goods by fire,
the interpleader filed his interplea claiming that he was
the owner of them.   To this interplea the plaintiff,
among other things, pleaded as a defense to interplead-
er's right to recover, the fact of the destruction of the
goods by fire, and that there were no proceeds of the
same in existence upon which the interpleader could as-
sert a claim of ownership.   Trial was had and the find-
ing was for the interpleader against the plaintiff and
his securities on the attachment bond, for "the immedi-
ate possession of all the goods, wares and merchandise
seized, attached and levied upon by the sheriff" under
said writ of attachment, and it was "further ordered
by the court that the said sheriff release and deliver
said above described personal property to the said
Charles McAninch."   From this judgment the plain-
tiff appealed.

The only question presented to this court is, was
the plaintiff entitled to a judgment under the circum-
stances? as the goods were not in existence at the time
the interplea was filed, and nothing to represent them.

A proceeding by interplea is a separate proceeding

from the attachment, in which the right to the property is the point at issue. Car Co. v. Barnard, 139 Mo. 142; Giett v. McGannon, 74 Mo. App. 209. And in order to maintain an interplea "the interpleader must show that at the time of the interplea he was the general owner, or had a special interest in the property claimed, and that he was then entitled to the possession. Sawyer Paper Co. v. Mangan, 60 Mo. App. 76. And the interpleader must show his right "to the immediate and exclusive possession." Hardware Co. v. Hardware Co., 75 Mo. App. 518. Nothing is better settled than the rule laid down in those two cases.

The respondent controverts this position, and refers to numerous decisions to prove that the right of possession is not involved on the trial of an interplea, among which are the following: Beck v. Wisely, 63 Mo. App. 239; Engine & Thresher Co. v. Glazier, 55 Mo. App. 95; Grocer Co. v. Goetz, 57 Mo. App. 8. Unfortunately for interpleader, these cases do not support his contention, but on the contrary, their tendency is to support the rule as announced in Hardware Co. v. Hardware Co., and Sawyer Paper Co. v. Mangan, supra; and in Engine & Thresher Co. case the court expressly holds that if the finding is for the interpleader, it should be in case of sale of the attached property to the effect that the funds arising therefrom should be adjudged to the interpleader, which is the same thing as the property itself, and the judgment in this case is that the interpleader is entitled to the immediate possession of the goods attached.

Under the authorities, and from the very nature of things, we can not see how an interplea could have any effect on something that did not exist, and how a sheriff could deliver that which could not be found. The appellate courts of this State hold that "an interplea is in the nature of a replevin engrafted by the statute on the proceeding in attachment." "It is peculiarly a possessory action, the present right to the possession

of the property being the principal question in controversy. It involves the *exclusive* right of the claimant to the immediate possession of the chattel, and the fact of the wrongful detention thereof by the defendant as against the claimant.'' Spooner v. Ross, 24 Mo. App. 599; Car Co. v. Barnard, 139 Mo. 142. And an action of replevin can not be maintained when the defendant has neither possession nor control of the property sued for.'' Feder v. Abrahams, 28 Mo. App. 454. For a similar reason, neither can an interplea be maintained. The interpleader has misconceived his remedy.

For the reasons given, the cause is reversed. All concur.