TORREYSON, Respondent, v. TURNBAUGH, Defendant; LUSTER, Interpleader, Appellant.

St. Louis Court of Appeals, March 1, 1904.

1. **INTERPLEA: Parties.** An interplea is an independent action engrafted on the original attachment and it is in the nature of an action of replevin for possession of the goods attached, in which the interpleader occupies the position of plaintiff and he must establish that he was owner of the goods at the time of the attachment, or had such an interest as would entitle him to possession.

2. ————: **Evidence.** Statements of a defendant in an attachment suit are not admissible in evidence as against the interpleader.

3. **FRAUDULENT CONVEYANCE.** One who has received payment of an indebtedness due him, from the purchase money paid his debtor as a consideration for the sale of the latter's goods, with a knowledge of the source from which the money came, can not afterwards attack such sale as in fraud of creditors.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*E. C. Kennan* and *Geo. Robertson* for appellant.

*P. H. Cullen* and *W. H. Logan* for respondent.

(1)  The dissolution of an attachment caused by the dismissal of the suit gives to the defendant (not to some outside party) the right to the possession of the attached property.   Camp v. Schuster, 51 Mo. App. 406; Smead v. Wegman, 27 Mo. 196; Young v. Kellar, 94 Mo. 599.   (2)  The instruction refused and of which complaint is made embodies the theory of estoppel and as no estoppel was pleaded there was no such issue in the case. There is nothing better settled in the law of this State than the fact, that a party seeking to take advantage of an estoppel, must plead it.   Plow Co. v. Wayland, 81 Mo. App. 305; Sanders v. Chartrond, 158 Mo. 361; Chance v. Jennings, 159 Mo. 558; Casler v. Gray, 159 Mo. 544; Codemolino v. Ganger, 160 Mo. 352; Cockrell v. Autchison, 135 Mo. 75; Throckmorton v. Pence, 121 Mo. 60; Bray v. Marshall, 75 Mo. 327; Avery v. Railroad, 113 Mo. 561; Noble v. Blount, 77 Mo. 235; Messersmith v. Messersmith, 22 Mo. 372; Hammerslaugh v. Cheatham, 84 Mo. 21.   (3)  If the interpleader desired to show that plaintiff was estopped from claiming a fraudulent sale that was new matter and should have been pleaded.   Glenn v. Priest, 48 Fed. 19; Northcup v. Ins. Co., 47 Mo. 443; Musser v. Adler, 86 Mo. 445.

## STATEMENT.

Respondent brought this attachment suit to the January term, 1903, of circuit court of Audrain county; the petition was subdivided into two counts, the first based upon an agreement by which, it was alleged, defendant was to convey to plaintiff realty described in Monroe county, subject to an incumbrance not exceed-

ing $1,200, paying up accrued interest and taxes and permitting plaintiff to have the rental accruing for year terminating March 1, 1903; defendant to receive in exchange a stock of groceries and store fixtures in the city of Laddonia. Plaintiff averred performance of his part of the contract, but charged default by the defendant in failing to pay accrued interest and taxes, and not letting plaintiff have rental, which defendant himself collected, and judgment for $215 was prayed. The second count was for balance claimed for merchandise sold and delivered to defendant, amounting to $16.32: the attachment was levied upon the stock of goods referred to in first count. The appellant on the third of January, 1903, filed an interplea under the statute (R. S. 1899, sec. 417), duly verified by his affidavit, affirming in general terms, that at time of attachment he was the owner of the property, money, effects and credits attached by the sheriff in the cause; and reiterating that he was the owner of all the goods, wares, merchandise, fixtures, furniture and all and every article of personal property attached, prayed judgment for their possession.

The facts divulged at the trial briefly were, that plaintiff, a merchant at Laddonia, in June, 1902, transferred his stock of merchandise to defendant, the latter giving in exchange therefor the land described in plaintiff's first count, and $375 in money, procured from the Farmers Bank of Laddonia by discount of a note upon which plaintiff was surety and subsequently paid. On October 30 of the same year, defendant sold the remaining goods to interpleader, his father-in-law, a resident of California, Missouri, who took possession the day succeeding: payment therefor was made in part by the return and surrender of a note for $250, for money borrowed, executed to appellant by defendant and his brother, and in part to extent of $460 in cash, which appellant or defendant obtained from the Morgan

County Bank at Versailles, upon a note of appellant, secured by mortgage on property in Clarksburg, Missouri, owned by appellant's wife. The proceeds of this last loan were applied to discharge the indebtedness of defendant to plaintiff, evidenced by the note for $375, on which plaintiff was surety and had paid; $10, an overdraft at bank, and in payment of costs accrued in first attachment suit brought by plaintiff against defendant; and a balance of $90 of the purchase price remained unpaid defendant by appellant. After maturity of the note for $375, the interpleader, on November 1, 1902, guaranteed its payment in consideration of forbearance or extension of its payment for five days, and defendant proceeded to Morgan county to obtain the money on a note secured as stated by property of appellant's wife; during his absence the earlier attachment was brought in the circuit court of Audrain county by plaintiff against defendant, in three counts; the first count being identical with first count of the present action, and the second and third counts both based on the note for $375 (and both seeking its recovery), so frequently alluded to. Upon return of defendant from Versailles, with money obtained as stated, he settled the pending suit by payment of the $375 and interest, together with court costs, $408 in all, and this action was dismissed under the following stipulation:

"It is hereby agreed between all parties hereto, that the above entitled case shall be withdrawn by the plaintiff upon the following stipulation and terms, that in consideration of the payment to said C. A. Torreyson of three hundred and eighty-five dollars, and all of the costs in said case, that said C. A. Torreyson will withdraw said suit and acknowledge full satisfaction of the court in said petition, referring to a note for $375, dated June 18, 1902, due in 30 days, payable to the Farmers Bank of Laddonia and assigned by it to C. A.

Torreyson, but the said C. A. Torreyson does not acknowledge satisfaction of the other count in said petition, but withdraws the whole case. And this case being an attachment case, W. R. Luster, claimant of the goods attached does hereby in consideration of the releasement of certain attached goods, does hereby waive all rights he has and releases said plaintiff and his bondsmen from any and all liability on the attachment bond and further releases Quincy James, sheriff of Audrain county, Mo., from any and all liability on his official bond as sheriff of said county in his official acts in the premises.

" (Signed)          C. A. TORREYSON,

"Plaintiff.

"ALEX. TURNBAUGH,

"Defendant.

"W. R. LUSTER,

"Claimant Goods."

Within a brief period after its dismissal, plaintiff brought this action again attaching the same property.

Under the instructions given, the jury found in favor of plaintiff, and after unsuccessful motion for new trial, the interpleader has appealed.

REYBURN, J. (after stating the facts as above).—
1. As has been frequently stated in the numerous cases found in the appellate courts of this State an interplea is another and independent action engrafted on the original proceedings, in which the interpleader assumes the attitude of plaintiff and the attaching creditor that of defendant; being substantially and in effect an action of replevin for the recovery of the specific property levied on under the attachment writ, and in which it devolves upon the interpleader to establish, that he was owner of such property at the time it was attached, or that he had a special interest therein and was entitled to its possession. Brownell v. Barnard, 139 Mo.

142; Graham v. Crowther, 92 Mo. App. 273; Ely v. Mansur, 87 Mo. App. 105; Stadden v. Lusk, 95 Mo. App. 261; Dry Goods Co. v. Carr, 83 Mo. App. 318; Hardware Co. v. Hardware Co., 75 Mo. App. 518; Carp v. Itskowitz, 77 Mo. App. 592.

The respondent over objection of appellant was permitted to repeat in evidence, statements asserted to have been made to him by defendant, Turnbaugh, respecting his own financial condition; these statements were mere hearsay, the party, whose admissions or utterances they purported to be, was no party to the issue on trial, they were not offered as foundation for impeachment, nor were they pertinent to any issue on trial, and they could not but be highly prejudicial to the interpleader's rights and should have been excluded.

2. The interpleader asked the following instruction, which the court refused:

"The court instructs the jury that, although the sale claimed between Turnbaugh and Luster was first made in fraud of Turnbaugh's creditors, yet if you further find that said Torreyson brought an attachment suit claiming that said sale was fraudulent and dismissed the same upon the payment of the $375 note and released the stock of goods attached and at the time of said dismissal said Luster claimed said stock of goods as his and became a party to such dismissal and settlement, and said Torreyson dismissed said suit, knowing that said Luster claimed the stock and consented to such claim and accepted the said money paid by Turnbaugh, knowing it was from the purchase price of said stock of goods and paid to said Turnbaugh by said Luster for the said purchase, then said Torreyson consented to said sale and can not complain of the same nor claim that it was fraudulent and void as against creditors, and you will return a verdict for the interpleader."

There was testimony, from which it might be fairly inferred, that respondent was aware of the source from

which defendant obtained the funds, by which he made payment to him, upon receipt of which the first attachment suit was dismissed; and tending to show that such money was part of the purchase price paid defendant by appellant for the stock of goods. If the sale by defendant to appellant was originally in fraud of the creditors of the former, such fraudulent transfer was but voidable, and capable of being rendered valid by its subsequent recognition or approval by plaintiff; if he accepted the payment of $385 made in discharge of the note, principal and interest, from the money paid defendant by appellant for the goods with knowledge on his part of the source and consideration of defendant's obtaining it, such action on plaintiff's part would constitute a ratification of and assent to the sale, and preclude him from thereafter impeaching as fraudulent the transaction between defendant and appellant. It is manifest that it would be gross injustice to permit plaintiff to realize payment of an indebtedness due him from defendant from the purchase money and consideration of the sale of the goods by defendant to interpleader, and later allow him to impugn as a fraud upon him, the contract between the vendor and vendee, by which he had profited by his acceptance of a part of the proceeds, and to which, in a measure, he had thus made himself a party. "A fraudulent transfer is merely voidable and consequently is capable of confirmation, either by assent at the time, or by a subsequent ratification, for no one can predicate fraud of facts which have his assent upon a full knowledge of them." Bump, Fraudulent Conveyances (4 Ed.), sec. 455.

The doctrine that a creditor who knowingly acquiesces in a sale and accepts benefits arising from it can not afterwards attack it on the ground that it was made in fraud of creditors, is elaborately considered by the Supreme Court in the case of Thompson v. Cohen, 127 Mo. 215; after a lengthy review of the authorities

gathered from England, as well as in the United States, the above principal was therein applied and the creditor held estopped by his own action, and that case is decisive here.

The instruction above quoted should have been given.

The judgment is accordingly reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.