STATE BANK OF WEST UNION, Respondent, v. LUTHER KEENEY et al., Defendants; OSCAR P. MILLER, interpleader, Appellant.

**Kansas City Court of Appeals, December 7, 1908.**

1. **CHATTEL MORTGAGE: Attachment: Interpleader: Outstanding Title: Estoppel.** An interpleader in an attachment suit occupies the position of a plaintiff in replevin, must be entitled to possession of the property when he interpleaded and recover on the strength of his own title and right to possession and may be defeated by outstanding title in a stranger, but in the absence of fraud a junior mortgagee, after condition broken, is entitled to possession against the whole world, except the senior mortgagee. An attachment plaintiff stands in the shoes of the mortgagor and has no more rights than the latter and is estopped from setting up title in a third party where his conveyance to the interpleader implies warranty of title.

2. ———: ———: ———: **Condition Broken: Levy.** A chattel mortgage gave the right to take possession in case of a sale or an attempted sale. *Held,* the levy in an attachment suit where the officer ignores the mortgagee's demand and title, was a breach of the condition and the latter was entitled to immediate possession.

3. ———: **Description: Rule.** A description in a chattel mortgage is held sufficient to enable a person, with the instrument in his hand, to identify the property with the aid of such inquiries as the instrument itself would suggest.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble,* Judge.

REVERSED AND REMANDED.

*Reinhardt & Schibsby* and *Craven & Moore* for appellant.

(1)  The court erred in giving the peremptory instruction for plaintiff.  The chattel mortgage to J. R. Ware did not show a superior outstanding title, because, it was recorded in the wrong county.  Dry Goods Co. v. Lally, 198 Mo. 687; 6 Cyc., page 1084; Martin Perrin Merc. Co. v. Perkins, 63 Mo. App. 310; Buggy Co. v. Woodson, 59 Mo. App. 550; State ex rel. v. Stilington, 51 Mo. App. 252.  (2)  The court should have given the peremptory instruction asked by interpleader.  The chattel mortgage under which interpleader claimed was unimpeached in any way.  The goods were sufficiently identified and the evidence that interpleader was in possession, introduced without objection, cured any question as to the identity of the goods.  Fahy v. Gordon, 133 Mo. 415; Dry Goods Co. v. Brown, 73 Mo. App. 245; Finke & Masse v. Pike, 50 Mo. App. 564; Hillman & Co. v. Pollock & Co., 47 Mo. App. 205; Straub v. Simpson, 74 Mo. App. 232, and cases cited.

*J. W. Porter, Martin E. Lawson* and *James T. Burney & Son* for respondent.

(1)  The interpleader occupies the position of plaintiff in replevin and cannot recover in cases where replevin would not lie.  Brownell & Wright C. Co. v. Barnard, 139 Mo. 144; Spooner v. Ross, 24 Mo. App. 599; Torreyson v. Turnbaugh, 105 Mo. App. 439.  (2)  The interpleader must be the owner and entitled to the possession of the property at the time of the attachment.  Torreyson v. Turnbaugh, 105 Mo. App. 439; Grocery Co. v. Lusk, 95 Mo. App. 261; Petring v. Chrisler, 90 Mo. 649; Shoe Co. v. Sally, 114 Mo. App. 222.  (3)  It is well settled that the legal title, or right of possession, must be shown to be in the interpeader to enable him to succeed. (4)  The defendant in replevin may show title in a third person to defeat the plaintiff.  Gottschalk v. Klinger,

33 Mo. App. 410; Young v. Glasscock, 79 Mo. 575; Hubble v. Allen, 90 Mo. 574. (5) Under the general denial the question of interpleader's ownership and right of possession was put in issue, and a failure of proof in this respect was fatal to interpleader's case. Spooner v. Ross, 24 Mo. App. 599; Pugh v. Williamson, 61 Mo. App. 165-168; Young v. Glasscock, 79 Mo. 572; Upham v. Allen, 76 Mo. App. 206; Hellman & Co. v. Pollock, 47 Mo. App. 205; Bank v. Lime Co., 43 Mo. App. 561.

JOHNSON, J.—Plaintiff brought suit by attachment in the circuit court of Clay county, September 15, 1906, on a demand of $1,193.52, against Luther Keeney and his wife, Matilda Keeney, and on March 12, 1907, caused the writ to be levied on certain personal property in a hotel in Excelsior Springs. On June 10, 1907, Oscar P. Miller filed an interplea in the cause in which he claimed to be the owner of a special interest in the attached property under a chattel mortgage executed by Matilda Keeney and her daughter, Gertrude, to secure the payment of their promissory note to interpleader of $550, dated September 14, 1906, and due on or before June 1, 1908. At the close of the evidence introduced at the trial of the issues raised by the interplea and plaintiff's answer thereto, the court peremptorily instructed the jury to return a verdict for plaintiff. This was done and in due course of procedure the interpleader appealed.

The evidence of the interpleader discloses the following state of facts. Gertrude Keeney owned the furniture in use by her tenant in the operation of the "Monte Cristo" hotel at Excelsior Springs. In August, 1906, she borrowed $350 of interpleader and on September 14th following, borrowed $200 more. At the time of the last loan, Gertrude and her mother, Matilda, joined in the execution of a promissory note to the interpleader for $550, the amount of the two loans. This note dated September 14, 1906, was made payable on or before June 1, 1908,

and bore interest from date at the rate of six per cent per annum, payable semi-anually. To secure its payment, Gertrude and her mother on the same day executed, acknowledged and delivered to interpleader a chattel mortgage conveying to interpleader the hotel furniture we have mentioned. The instrument contained a list of the articles and stated they were located at the "Hotel Monte Cristo, North Main Street, Excelsior Springs, Missouri." It also embodied the following condition: "But if the said Gertrude and Matilda Keeney shall default in the payment of said indebtedness or any part thereof, when the same shall become due and payable, or if they shall sell or attempt to sell, remove, or attempt to remove said property without grantee's consent out of Excelsior Springs, Missouri, at any time before said indebtedness is fully paid and discharged whether the same be due or not, then it shall be lawful for the said Oscar P. Miller . . . to take possession of said property," etc.

The instrument was filed for record in Clay county, September 15, 1906, and in Jackson county, March 7, 1907. It recites, and the evidence of plaintiff tends to show, that the mortgagors were residents of Jackson county. Shortly before the levy of the attachment writ, interpleader, at the suggestion of the mortgagors went to Excelsior Springs for the purpose of taking possession of the property which, to that time, had remained in the possession of the mortgagors. He found Miss Keeney at the hotel and was informed by her, in effect, that she was there to transfer the possession of the property which then was in use in the various rooms of the hotel. Interpleader then seated himself in the parlor to await the arrival of the sheriff with the attachment writ and when that officer came, informed him that he (interpleader) was in possession under chattel mortgage. The officer ignored the claim and seized the property.

The *bona fides* of the indebtedness from the mortgagors to interpleader is not seriously attacked by plain-

tiff, but the evidence of plaintiff tends to show that the mortgagors were residents of Clay county; that the property belonged to the mother and that the possession of the interpleader was not sufficient in law to confer any rights not enjoyed by him from the recording of the mortgage.

For the purpose of showing that a stranger held a better title to the property than interpleader, plaintiff introduced in evidence a chattel mortgage executed by Gertrude Keeney to J. R. Ware, to secure a note of $1,000. This mortgage was dated May 24, 1906, was acknowledged the 25th day of the same month and was filed on the 31st day, in the office of the recorder of deeds of Clay county. It was not filed in Jackson county, though it recites that the mortgagor was a resident of that county. We think the Ware mortgage, though prior in execution and filing to that under which interpleader claims, should not avail anything to plaintiff nor serve to defeat any right of possession to the property interpleader might have were the prior mortgage non-existent. Plaintiff does not claim under the Ware mortgage and its only contention is that it has disclosed a better title to the property in a stranger than that derived by the interpleader from his junior mortgage.

The interpleader occupies the position of a plaintiff in a replevin suit and cannot recover unless he could have recovered had he brought an action in replevin at the time he filed his interplea. [Brownell v. Barnard, 139 Mo. 142; Spooner v. Ross, 24 Mo. App. 599; Torreyson v. Turnbaugh, 105 Mo. App. 439.] He must have been entitled to possession of the property when he interpleaded, must recover on the strength of his own title and right of possession, and his right to recover may be defeated by proof that the title was outstanding in a stranger. But in the absence of proof of fraud in the junior mortgage, its holder, after condition broken, is entitled to the possession of the property as against the whole world except the holder of the senior mortgage.

In such case an attaching creditor of the mortgagor stands in the shoes of the mortgagor and no more is entitled to defeat a possessory action of the junior mortgagee than would be the mortgagor were he the defendant in such action. [Gottschalk v. Klinger, 33 Mo. App. 410.] In view of the fact that interpleader's mortgage contains no reference to the existence of a prior mortgage, the following quotation from Adams v. Wilders, 107 Mass. 123, is pertinent: "A vendor is estopped from setting up title in a third party, where the assertion of such title is equivalent to the admission of the breach on his part of an implied warranty of title. . . . In a contest between himself and his vendee, he should not now be heard to say that he had no title at the date of the sale, although at that date he asserted to his vendee that he had a good title."

It is argued by plaintiff that at the times of the levy of the attachment writ and of the filing of the interplea, no condition of the junior mortgage had been broken. It has been held that where a debt secured by a mortgage is not due at the time of the commencement of the attachment suit, no forfeiture has occurred and the mortgagee is not entitled to the immediate possession of the property. [Hardware Co. v. Hardware Co., 75 Mo. App. 518.] But the recitals of the mortgage in the present case bring into application the rule thus stated by the St. Louis Court of Appeals in Straub v. Simpson, 74 Mo. App. 230. "The chattel mortgage to plaintiff contained a clause giving him the right to take possession in case of a sale or attempted sale of the property. When the constable levied upon the mortgaged property and refused to release it upon plaintiff's demand and notice of his title, the above condition was at once broken and plaintiff's title ripened into full ownership coupled with the right to immediate possession."

Finally, it is urged by plaintiff that the description of the property in interpleader's mortgage being insufficient, the instrument was invalid, though recorded, and

since the interpleader did not, in fact, acquire legal possession of the property before the levy, the mortgage is void as to plaintiff. It sufficiently answers this argument to say that we find the description in the mortgage to be sufficient to enable a person, with the instrument in his hand, to identify the property with the aid of such inquiries as the instrument itself would suggest. There was other personal property in the hotel at the time of the execution of the mortgage, but it had been removed by its owner before the interplea was filed and it does not appear that any difficulty was encountered in separating it from the mortgaged property nor that a stranger to the property, acting under the rule stated, would have been unable to separate the mortgaged property from the other.

It follows from what has been said that the interpleader was entitled to go to the jury on the evidence he introduced and that the learned trial judge erred in sustaining a demurrer to his evidence. Accordingly, the judgment is reversed and the cause remanded. All concur.