KEET-ROUNDTREE DRY GOODS COMPANY, a Corporation, Appellant, v. N. J. HODGES and W. G. HODGES, Defendants, R. E. LEWIS, Interpleader, Respondent.

Springfield Court of Appeals, December 11, 1913.

1. ATTACHMENT: Interplea: Ownership: Burden of Proof. An interpleader, claiming property levied upon under writ of attachment levied against a defendant in possession, has the burden of establishing such claim to the title of the property.

2. ———: ———: Parties to: Evidence. Where property has been attached in possession of the defendant and a third person interpleads and claims ownership, the defendant will not be allowed to introduce evidence to support the interpleader's claim, since he is not a party to such interplea.

3. INTERPLEA: Evidence: Reputation of Interpleader: Incompetent. An interpleader claiming goods seized under a writ of attachment, was permitted by the trial court to show that his general reputation for honesty, truth and veracity in the community was good. *Held,* error.

4. **INSTRUCTIONS: Misleading.** A misleading instruction is erroneous.

5. ————: **Deficient Instruction: Failing to Define Terms.** An instruction which tells the jury that they cannot find against an interpleader unless they find that the sale of the goods in question was made in fraud, *held* erroneous since it failed to tell the jury what character of fraud defeats a sale.

6. ————: **Question of Fraud.** Instruction on the question of fraud examined and *held*, though perhaps a proper one in a case of actual fraud, to be improperly framed to enable the jury to apply the law to the fraud alleged in the instant case.

7. ————: **Harmless Error: Assuming the Burden.** If a plaintiff voluntarily assumes the burden of proof. which does not rest upon him, he cannot complain of an instruction declaring such burden on him, though such instruction be erroneous.

8. **FRAUDULENT SALE: Purchaser Without Notice: Protected to What Extent.** Where goods were sold by a debtor with the purpose of delaying and defrauding his creditors, a bona-fide purchaser without notice is only protected to the extent of actual payment thereon prior to attachment.

9. **INTERPLEA: Nature of.** An interplea filed in an attachment proceeding is in the nature of a separate suit; the interpleader assuming the position of plaintiff and the plaintiff in the attachment being placed in the attitude of a defendant, the trial being segregated from the main suit.

Appeal from Douglas County Circuit Court.—*Hon. John T. Moore,* Judge.

Reversed and remanded.

*Jos. V. Pitts* for appellant.

(1) Where it is understood between the seller of a stock of goods and the person for whose use the goods were transferred, that the seller shall remain in possession, and continue to sell in the ordinary course of business, it is sufficient to support an attachment on the ground that the seller has fraudulently conveyed and assigned his property to hinder and delay creditors. Reed v. Petteter, 28 Mo. 173. (2) A mere temporary change of possession, although it

might be good, as between the parties, cannot avail, against the grantor's creditors. (3) The vendee must take actual possession and the possession must be open, notorious and unequivocal, such as to apprise the community or those who are accustomed to deal with the parties, that the goods have changed hands and the title has passed out of the seller and into the purchaser. State ex rel. v. Stone, 111 Mo. App. 369; Reynolds v. Beck, 108 Mo. App. 188. (4) Before the vendee can claim protection as a bona-fide purchaser, for value, it must appear that he actually paid the purchase price, before advised of the vendor's fraud. Wetmore v. Woods, 62 Mo. App. 265, and cases there cited; Arnholt v. Hartwig, 73 Mo. 485; Dougherty v. Cooper, 77 Mo. 532; Young v. Keller, 94 Mo. 591. (5) Where the sale was not followed by a change of possession, the burden of showing good faith and the payment of a valuable consideration is on defendant. Where there is a concurrent possession by the debtor and the purchaser, the burden is on the purchaser, to rebut the presumption of fraud arising therefrom. 20 Cyc. 763; State v. Smith, 31 Mo. 566. (6) The burden of proof, where it is on the plaintiff, may be shifted to defendant, where plaintiff makes out a prima-facie case of fraud. 20 Cyc. 759.

*Fred Stewart* and *A. H. Buchanan* for respondent.

All that is required under the statute is that "delivery be made in a reasonable time, regard being had to the situation of the property." And whether there has been such delivery is a question for the jury as any other question of fact is. R. S. 1909, sec. 2887; Dillin v. Kincaid, 70 Mo. App. 670; State v. Hellman, 20 Mo. App. 304; Reynolds v. Beck, 108 Mo. App. 188; Williams v. Youtsey, 151 Mo. App. 69. Neither is the rule different as to change of possession when vendor is employed to carry on and transact the business for vendee, even though the parties may be close relatives,

as in the following cases. Sharpless Bros. v. Derr, 62 Mo. App. 359; Chaflin v. Rosenberg, 42 Mo. 439; Pollard v. Farwell, 48 Mo. App. 42. Fraud is alleged in this case and the burden is upon plaintiff to prove it, and the trial court properly told the jury so. (Appellant also assumed the burden in this case.) Shoe Co. v. Casebeer, 53 Mo. App. 640; Morgan v. Wood, 38 Mo. App. 255; Albert v. Besel, 88 Mo. ·151; Troll v. Spencer, 238 Mo. 81. The appellate court will not reverse in the absence of error materially affecting the merits of the action. Secs. 1850 and 2082, R. S. 1909; Stumpe v. Kopp, 201 Mo. 420; Mann v. Doerr, 222 Mo. 15. And where there is any evidence for the jury or trial court to pass upon, appellate courts will not undertake to weigh the evidence, but will affirm the decision of the trial court. State v. Wilkes, 170 Mo. App. 180; Bank v. Redfearn, 141 Mo. App. 386; O'Brien v. Boiler Works Co., 154 Mo. App. 188; Lindsey v. Stephens, 229 Mo. 600; St. Victor v. Edwards, 155 Mo. App. 566.

ROBERTSON, P. J.—On April 15, 1912, the plaintiff sued the defendants in a justice of the peace court, alleging that they were partners, and three days later procured a writ of attachment and on April 23, 1912, levied on a portion of the stock of goods in possession of defendant N. J. Hodges, individually, or as a member of the firm of W. G. Hodges & Son, at Merritt in Douglas county. R. E. Lewis on April 30, 1912, filed with said justice of the peace an interplea, claiming to be the owner of said property at the time of the levy under said writ. On the same day a jury trial of the interplea was had, which resulted in a verdict in favor of the plaintiff, from which the interpleader appealed to the circuit court, where, upon a trial anew, the jury disagreed. Upon a second trial before a jury in the circuit court a verdict was returned for the interpleader and the plaintiff has appealed.

It appears in the trial of the interplea in the circuit court that the plaintiff voluntarily assumed the burden of proof although the burden is upon the interpleader to establish his title. [Torreyson v. Turnbaugh, 105 Mo. App. 439, 443, 79 S. W. 1002; Car Co. v. Barnard, 139 Mo. 142, 145, 40 S. W. 762; Stadden Gro. Co. v. Lusk, 95 Mo. App. 261, 68 S. W. 587.]

Defendant N. J. Hodges was engaged in the mercantile business at Merritt and the interpleader claims to have purchased the entire stock of goods from said Hodges on February 24, 1912, by first making a deed to Hodges' wife, a sister of the interpleader, for 83½ acres of land valued at $1670, and executing to Hodges' wife a note for $630. No invoice of the stock of goods was made. The deed was not recorded and later it was returned by Hodges' wife to the interpleader, and interpleader then executed his notes to his sister for, using Hodges' language, "three hundred and odd dollars each, totaling $1670, and in the end had the R. E. Lewis notes for $2300, secured by nothing but his signature."

According to the interpleader's own testimony he was worth, at the time of the alleged purchase of the stock of goods, in personal assets considerable less than one thousand dollars over and above his exemptions. If he owned any other land than what he claims to have traded Hodges it is not shown by the record. A very small portion, possibly not exceeding fifty dollars, was claimed by the interpleader to have been paid by him on the notes given for the purchase price prior to the date of the attachment. The interpleader did not obtain a merchant's license in his own name until in September, 1912.

Witnesses testified in behalf of the plaintiff that Hodges remained in possession of the store until after the first trial in the justice court, April 30, 1912, issuing duebills and possibly checks on the bank, in his own name, and managing and conducting the busi-

ness without any apparent change. Others testified in behalf of the interpleader that they were in the store and overheard a deal made between Hodges and the interpleader and that the interpleader was fre-- quently at the store thereafter, waiting on customers. The interpleader and Hodges claim that Hodges, after the alleged sale, was clerking in the store for inter- pleader. There was also some testimony to the effect that goods were shipped to the store in the name of the interpleader and the address on the boxes to him was observed by patrons and frequenters of the store.

The interpleader offered in evidence over the ob- jection of the plaintiff a letter from a wholesale gro- cery company to the interpleader acknowledging re- ceipt of an order for goods dated April 1, 1912, and also offered in evidence over the plaintiff's objection six invoices from wholesale houses covering goods pur- chased, dated from April 1st to April 23rd, aggregat- ing in amount $213.94. The interpleader's conduct in this regard would raise the presumption that these were the only purchases made by him for the busi- ness, because, if he considered that evidence in his be- half, he would, naturally, have introduced testimony of other transactions, if any. It is, therefore, ap- parent that not until more than a month after he claims to have purchased the stock, valued at $2300, did he personally undertake to replenish it.

The defendant, N. J. Hodges, was a witness for the interpleader and admitted that he owed a por- tion of the debt for which plaintiff sued and attached.

For some reason not disclosed by the record, the defendant introduced testimony, all of which appears to have been in support of the interpleader's claim. This he should not have been permitted to do if the plaintiff had objected as the defendant is not a party to this interplea.

The interpleader, over the objection of the plain- tiff, offered in evidence the testimony of two wit-

nesses to the effect that the interpleader's general reputation for truth and veracity in that community was good and one other witness testified that his general reputation for truth and honesty in the neighborhood was good. This was error. [Black v. Epstein, 221 Mo. 286, 305, 120 S. W. 754; Bank v. Richmond, 235 Mo. 532, 542, 139 S. W. 352.]

The instructions given in behalf of the interpleader, to which the plaintiff excepted, are as follows:

"B.    The sole question in this case is whether R. E. Lewis was the owner of the goods in question on the 23d day of April, 1912. And although you may believe that W. G. Hodges & Son owed the plaintiff for goods at the time these goods were attached, still you cannot find against the interpleader Lewis in this matter unless you also find that the sale of the goods in question was made in fraud.

"C.    If you believe that the interpleader Lewis bought the goods in question and either in person or by a clerk took and exercised ownership and possession over them and held himself out to the public in general as the owner of the goods, then it was not necessary that he be personally present all of the time and in personal charge of them, and you will find for the interpleader.

"D.    The jury are instructed that fraud will not be presumed, but must be proven, and the burden of proving it rests on the party alleging it, the plaintiff herein, and while such proof need not be direct or positive evidence, but may be by facts and circumstances, yet if the jury believe from the evidence that all of the facts and circumstances in evidence agree, as well with honesty and fair dealing as with dishonesty, you should find the sale of the stock of goods in question to be in good faith and your verdict should be for R. E. Lewis, the interpleader.

"E. The burden of proof in this case is on the plaintiff to prove its case by a preponderance of the evidence. A preponderance means greater weight."

Instruction B is erroneous because it told the jury that the sole question in the case was whether the interpleader was the owner of the goods in question on the date of the levy. A process of reasoning might be adopted to the effect that if the jury found that there was a fraud in fact or in law that then, under this instruction, they would necessarily find that the interpleader was not the owner, but the instruction as it is framed would likely lead the jury to think that if the interpleader had as a matter of fact purchased the goods and paid for them that then it would not defeat his claim, even if he did not take the required possession.

The instruction is further objectionable in that it tells the jury that they cannot find against the interpleader unless the jury find that the sale of the goods in question was made in fraud, without telling the jury what character of fraud defeats a sale.

Section 2881, Revised Statutes 1909, provides that every conveyance of goods or chattels made or contrived with the intent to hinder, delay or defraud creditors is void. Section 2887 makes every sale of personal property unaccompanied by delivery within a reasonable time, followed by an actual and continued change of possession, fraudulent and void as against creditors. This latter section defines constructive fraud which vitiates sales irrespective of the intent or the solvency of the parties.

And there is a class of transactions wherein a party, who is solvent and gives or voluntarily conveys his property to another, is presumed to be guilty of fraud as to his creditors. [Welch v. Mann, 193 Mo. 304, 325, 92 S. W. 98; Star v. Penfield, 166 Mo. App. 302, 304, 148 S. W. 382.]

Instruction C told the jury that if the interpleader bought the goods in question and took and exercised ownership and possession over them in person or by a clerk and held himself out to the public and in general as the owner of the goods, that then it was not necessary that he be personally present all of the time, and in personal charge. It would have been better had it followed the requirement of the statute that such *indicia* of ownership must be *continuous*.

Instruction D is wrong in that it told the jury that the burden of proof rested on the plaintiff. That may be true when actual fraud is involved but as to the question of the fraud involved here by reason of the voluntary conveyance and transfer of defendant's stock of goods, through and with the aid of the interpleader, to his wife, it is not the law because, when it is shown that this transfer was voluntary, "the onus is cast upon the party seeking to sustain it to show that the grantor had ample means left to meet all of his indebtedness." [Bank v. Thornburrow, 109 Mo. App. 639, 643, 83 S. W. 771.] This instruction is not objectionable as an instruction upon the question of actual fraud but if given in a case of the character of the one at bar, it should be so framed that the jury would unquestionably understand that it so applied.

Instruction E is erroneous for the reason that the burden of proof does not rest upon the plaintiff, although since it voluntarily assumed, so far as the record discloses, that burden, we are of the opinion that it is in no position to complain of the giving of that instruction. We refer to the instruction only in contemplation of another trial.

In the event the jury should find that Hodges had the actual intent to hinder, delay or defraud his creditors, then, even if the interpleader purchased without notice of that fact and in good faith executed the notes in question, yet, as it developed at the trial that those notes were at the time the attachment was levied in

the possession and under the control of the payee, Hodges' wife, the interpleader could claim protection in the transaction only to the extent that he can prove actual payment upon said indebtedness prior to the time of the attachment. [Arnholt v. Hartwig, 74 Mo. 475, 488; Dougherty v. Cooper, 77 Mo. 528, 532; Wetmore v. Woods, 62 Mo. App. 265, 270.]

In view of the fact that this case must be tried again, we direct attention to the fact, which does not appear to have been recognized in the trial now under consideration, that an interplea of this character is in the nature of a separate suit from the action between the plaintiff and the defendant, the interpleader assuming, for the purpose of the trial, the position of plaintiff (Torreyson v. Turnbaugh, 105 Mo. App. 439, 443, 79 S. W. 1002), the plaintiff in the main suit being in the attitude of a defendant, the action being in the nature of a replevin to determine the right to the possession of the property attached (Bank v. Keeney, 134 Mo. App. 74, 78, 114 S. W. 553; Bank v. Boyer, 161 Mo. App. 143, 149, 132 S. W. 487), and the trial being wholly segregated from the main suit. [Giett v. McGannon, 74 Mo. App. 209, 212.]

On account of the errors above discussed, the judgment is reversed and the cause remanded to be proceeded with as above indicated, the interpleader assuming the burden of proof to the extent that we have held it to be his duty. Reversed and remanded. *Sturgis, J.,* concurs. *Farrington, J.,* not sitting.