OTTO A. JOHNSON and R. W. WILLIAMS, Respondent, v. PETER T. MASON, Defendant; FRANK MASON, Interpleader, Appellant.

Springfield Court of Appeals. February 10, 1914.

1. APPELLATE PRACTICE: Theory on Trial: Binding in Appellate Court. A party on appeal is bound by the theory of the case adopted by him in the trial court.

2. ————: Inconsistent Positions: In an action in which certain cattle were attached as the property of the defendant, interpleader claimed at the trial to own them by purchase from others than defendant. On appeal he will not be heard to claim that he purchased them from defendant nor can he complain of instructions relating to fraud by defendant in selling the cattle.

3. CONVEYANCES: By Insolvent Debtor: Fraud on Creditors. A gift to friends or relatives by an insolvent debtor is void as against creditors.

4. INTERPLEA: Issues Involved: Statutes. It is not incumbent on the plaintiff in an interplea to prove his claim against the original defendant as this is not an issue in the proceeding. [Citing Secs. 2300 and 2345, R. S. 1909.]

5. ATTACHMENT: Interplea: Nature of. An interplea is a proceeding for the disposition of property or money in the custody of the court and not for the recovery of either from any person or party.

6. ATTACHMENT: Interplea: Assuming Burden of Proof. Where in an attachment proceeding an interplea was filed claiming title to the property attached, the interpleader assumes the burden of proving such title. [Per STURGIS, J. FARRINGTON, J., concurring.]

7. CONVEYANCE IN FRAUD OF CREDITORS: Evidence: Knowledge: Intent. Knowledge of facts and circumstances which would put an ordinarily prudent man on inquiry is evidence from which, together with other evidentiary facts and circumstances, a jury may find that a purchaser had knowledge that property was sold in fraud of creditors' rights. But such knowledge is not knowledge of the guilty intent nor equivalent thereto. [Per STURGIS, J. FARRINGTON, J., concurring.]

8. INSTRUCTIONS: To be Taken Together: Defect in one Cured by Others. Although an instruction that knowledge of

circumstances putting an ordinarily prudent man on notice was equivalent to actual knowledge was erroneous, it was not prejudicial where other instructions properly submitted the question of good faith on the part of the interpleader in the purchase of cattle from defendant. [Per STURGIS, J. FARRINGTON, J., concurring.]

9. ATTACHMENT:    Interplea:    Incompetent Evidence:    Hearsay. In an interplea claiming attached cattle defendant's declaration of ownership, not made in the presence of or with the knowledge and acquiescence of the interpleader, *held* hearsay evidence and incompetent. [Per STURGIS, J. FARRINGTON, J., concurring.]

Appeal from Texas County Circuit Court—*Hon. Wilson A. Taylor,* Special Judge.

AFFIRMED.

*J. W. Mayfield & Son* and *John N. Sanks* for appellant.

(1)  If there are no creditors there can be no fraudulent conveyance to defeat the rights of creditors. Respondent's evidence most emphatically shows that they were only sureties, and a surety is not a creditor until he pays the debt or discharges the liability or is damnified.   Hearne et al. v. Keath et al., 63 Mo. 84; Bauer v. Gray, 18 Mo. App. 170; McCormick v. Obanion, 168 Mo. App. 607; Huse v. Ames, 104 Mo. 91.   (2) None but a creditor can attack a conveyance as being made to defraud creditors.   Sec. 2881, R. S. 1909; McLaughlin v. McLaughlin, 16 Mo. 242; Lewis v. American Life Insurance Company, 7 Mo. App. 114; Skinner v. Oaker, 104 Mo. App. 45; Reynolds v. Faust, 179 Mo. 21; Stedman v. Hayes, 80 Mo. 319; Hayes v. Fry, 110 Mo. App. 20.   (3)  No fraud is shown on the part of the interpleader.   Fraud is never presumed.   Robison v. Dryden, 118 Mo. 534; Stahlhuth v. Nagle, 229 Mo. 570; Lumber Company v. Crommer, 202 Mo. 504; Bank v. Worthington, 145 Mo. 92.  (4) The court erred in permitting witnesses to testify as to statements made

to them by Peter T. Mason, when interpleader was not present. Torreyson v. Turnbaugh, 105 Mo. App. 439. (5) The court erred in giving instructions number five and seven in behalf of respondents. Phillips v. Rule, 124 Mo. App. 525; Shannon v. ONeil, 60 Mo. App. 531.

*Lamar, Lamar & Lamar* for respondents.

(1) Where the validity of the attachment and levy are not in issue under the pleadings, the plaintiff in the attachment need not introduce evidence of his being a creditor of the defendant. Graham Paper Co. v. Crowther, 92 Mo. App. 273. (2) An interplea in attachment is in effect a separate, independent suit in which the interpleader is the plaintiff and the plaintiff in the original attachment suit occupies the position of defendant. The sole issue in such case is the ownership and right to the possession of the property attached, and the burden is on the interpleader to show his title, and he must recover, as in replevin, upon the strength of his own title and not on the weakness of his adversary's. Car Co. v. Barnard, 139 Mo. 142; Bank v. Boyer, 161 Mo. App. 143; State ex rel. Reeves v. Baker, 26 Mo. App. 487; Rice-Stix v. Sally, 176 Mo. 107; Gitt v. McCammon, 74 Mo. App. 209; Kirchenslager v. Bank, 58 Mo. App. 165. (3) One of the issues in the case was the intent and purpose of Peter T. Mason, the defendant in the attachment. His fraud was the initial step in the development of plaintiffs' defense to the interplea, and his statements were admissible for that purpose. Holmes v. Braidwood, 82 Mo. 614; Holmes Organ Co. v. Petit Co., 34 Mo. App. 547; Clark v. Cox, 118 Mo. 656; Deslunger v. Harrington, 28 Mo. App. 636. (4) Knowledge of facts from which a prudent man would have known of the intent of the vendor has been held many times in this state to charge the vendee with knowledge of such intent. Sellers v. Bailey, 29 Mo. App. 180; Roan v. Winn, 93

Mo. 511; State ex rel. v. Estel, 6 Mo. App. 9; Bank v. Tobacco Co., 155 Mo. 609; Rupe v. Alkire, 77 Mo. 641. (5) It is not necessary that a purchaser participate in or assist in the fraud of the vendor. If he has knowledge of such fraudulent intent of the vendor, it vitiates his title. Grocery Co. v. Henson, 147 Mo. App. 31; Kurtz v. Troll, 175 Mo. 506; Bank v. Frye, 216 Mo. 34.

ROBERTSON, P. J.—Plaintiffs sued the defendant, Peter T. Mason, in the circuit court of Texas county and thereafter, on March 29, 1913, obtained a writ of attachment and caused the same to be levied upon seventeen cows and two horses as the property of the defendant, then upon the farm previously occupied by the defendant but upon which the interpleader, Frank Mason, his son, was then residing. On June 16, 1913, the son filed his affidavit and claim to all of the cattle upon which this controversy is based. The trial in the circuit court resulted in a verdict and judgment in behalf of the plaintiffs and the interpleader has appealed.

The defendant, who, it is conceded, was heavily involved, on February 25, 1913, had a public sale of a portion of his property and soon thereafter left the state. It was developed by the testimony, however, that before he went he was guilty of such conduct as would justify the conclusion that he intended to defraud his creditors and that the interpleader so understood.

The testimony offered in behalf of the plaintiffs tends to prove that the father owned the property in controversy at and prior to the date of the levy and that he so stated in the presence of his son, who made no objections thereto, and the interpleader's testimony tends to prove that he purchased and owned the cattle, either individually or in partnership with his father. Upon his claim of an interest by purchase

from third parties, the jury, under. proper instructions, found against him. He is here now insisting that certain errors were made on the question of instructions in behalf of the plaintiffs relative to the alleged fraud of the defendant. As the interpleader rested his claim on the question of ownership, by reason of alleged purchases from other parties than defendant, we think that he should be confined to that issue here. We cannot understand wherein he can be heard to complain of any issue of fraud, because he cannot contend for a time that he bought the property from others than defendant, and, when that is disbelieved, change and claim that he bought from the defendant. When he elected to make the defense that he had purchased from others than his father and that defense failed, as it did, we must then hold that he succeeded to the possession of the stock as a fraudulent purchaser, as donee or bailee of his father. If as a fraudulent purchaser, no one will question plaintiff's judgment; if as a donee, and it being conceded that the father was insolvent, then the interplea must fail, as a debtor should be just with his creditors before he is allowed to become generous with his relatives or friends (Welch v. Mann, 193 Mo. 304, 325, 92 S. W. 98, Star v. Penfield, 166 Mo; App 302, 304, 148 S. W. 382); if as a bailee, he is in no position to complain.

The interpleader insists, however, that since the plaintiffs claim that interpleader is holding as a fraudulent vendee of the defendant he can be such fraudulent vendee of the defendant only in event the plaintiffs were creditors of the defendant; consequently, that it is encumbent upon the plaintiffs in the trial of this case to prove that as a matter of fact the defendant was·indebted to the plaintiffs. This, in nearly every attachment case where there is an interplea, would necessitate the plaintiff proving his claim as against the interpleader as conclusively as if that is-

sue were being tried against the defendant. It would mean that there must be two trials of that issue and that plaintiff might win in one and lose in the other. Section 2300, Revised Statutes of 1909, requires the plaintiff, before obtaining his writ of attachment, to execute a bond conditioned for the protection of the defendant and any interpleader; and Section 2345, Revised Statutes of 1909, permits an interplea to be filed in an attachment suit, which otherwise could not be done. So that the interpleader is placed in the attitude of taking advantage of a right conferred upon him by reason of the attachment laws, and if the plaintiff is required to prove his claim against the defendant, then the interpleader is permitted to attack the very foundation of the privilege granted him. It is not encumbent upon the interpleader to file this claim, but it is simply an additional remedy and one in which he must be regarded as having recognized the validity of the attachment in filing his claim. The appellant here almost, if not quite, concedes that to be a fact when he says in his statement: "The writ of attachment nor any of the steps necessary to secure the same or actions taken thereunder are not in question here."

"The right to the property is the point at issue, and the interplea obviously should be heard and determined before the attachment. The determination of that issue in favor of the interpleader cannot, in reason or law, affect the plaintiff's right in the principal action to a judgment on the merits against the defendant." [Car Co. v. Barnard, 139 Mo. 142, 145, 40 S. W. 762.] We conclude that neither reason nor authority exact of the plaintiff in an interplea that he prove his claim against the defendant, as that is not an issue in the proceeding. [Graham Paper Co. v. Crowther, 92 Mo. App. 273, 275; Beck v. Wisely, 63 Mo. App. 239, 243.]

The United States Circuit Court of Appeals of this circuit, in discussing an interplea in an attachment

suit, uses this language: ''It is a proceeding for the disposition of property or money in the custody of the court and not for the recovery of either from any person or party.'' [Swift & Co. v. Russell, 97 Fed. 443.]

In the case of Sloan v. Hudson, 119 Ala. 27, 24 So. 458, it was held that the execution of the attachment bond estops the interpleader from denying the levy; and in Schloss v. Inmann, 129 Ala. 424, 30 So. 667, and Foster v. Goodwin, 82 Ala. 384, 2 So. 895, that ''The existence of plaintiff's debt, as well as the fact that the attachment was levied, the claimant, by assuming the position of claimant in the attachment suit, is held, in legal effect, to admit.'' Again, in Pulliam v. Newberry's Admr., 41 Ala. 168, it is said: ''For the purpose of this controversy, the plaintiff must be regarded as a creditor without the production of proof of indebtedness.'' And in Claflin v. Harrison, 44 Fla. 218, 31 So. 818, it was held that the interplea must necessarily be based upon the levy and that by interpleading the claimant admits the validity of the levy because without it the interplea would not lie.

Even where the plaintiff can sustain his attachment and prove the alleged fraud only by reason of the fact that he may be a creditor, we are of the opinion that in an interplea the claimant cannot exact of the plaintiff proof of his indebtedness against the defendant. Any other rule in this state, under our attachment laws and provisions for the interplea, would, in our opinion, lead to useless complications and unjust results. Authority may be found to the contrary in other jurisdictions, but such, in our opinion, has not and should not be the law here.

There are other questions sought to be raised by the appellant, many of which are necessarily disposed of by what we have said above and the others we deem not of sufficient merit to justify a longer opinion. The judgment of the circuit court is affirmed. *Farring-*

*ton, J.,* concurs; *Sturgis, J.,* concurs in part and in the result and files a separate opinion.

## SEPARATE CONCURRING OPINION.

STURGIS, J.—I fully concur in the holding of the majority opinion that an attaching plaintiff on the trial of an interplea need not prove his indebtedness against defendant.

It is with some hesitation that I agree to the result reached in this case. The plaintiffs wrongfully assumed the burden of proof instead of letting the interpleader prove his title first. [Torreyson v. Turnbaugh, 105 Mo. App. 439, 443, 79 S. W. 1002, and cases. cited; Graham Paper Co. v. Crowther, 92 Mo. App. 273.] In doing so the plaintiffs assumed that the interpleader's title was derived from defendant, his. father, and proceeded to destroy such assumed title by showing it to be fraudulent, that is, that the transfer was made from the father to the son to defraud the father's creditors and that the son had knowledge of and participated in such fraudulent intent. The plaintiffs adhered to this theory, as shown by their instructions asked and given, even after it was disclosed by the interpleader's evidence that he was not claiming title through or from his father but by purchase and ownership, as to nearly all the cattle, independent thereof. This became the real issue in the case.

I do not want to be understood, by reason of passing it in silence, as holding that plaintiffs' instructions. on the question of a fraudulent sale are correct in declaring that, in finding that the interpleader had knowledge of the defendant's intent to defraud his creditors. in making such sale, "knowledge of facts and circumstances which would put an ordinarily prudent man upon his notice of such intent," is equivalent to actual knowledge of such intent. Such is not the law in re-

lation to sales of personal property. Knowledge of facts and circumstances which would put an ordinarily prudent man on inquiry is evidence from which, together with any other facts and circumstances in evidence, a jury may find such guilty knowledge, but that is all. Knowledge of such facts is neither knowledge of the guilty intent nor an equivalent substitute therefor. [Phillips & Co. v. Rule, 124 Mo. App. 525, 102 S. W. 32; Sammons v. O'Neill, 60 Mo. App. 530, 536; Bank v. Tobacco Works Co., 155 Mo. 602, 608, 56 S. W. 283.] But this was not a material issue in the case. After the interpleader's evidence was in, the real contention of plaintiffs was that the interpleader's pretended purchase of these cattle for himself was merely colorable, in that he was using his father's money and property, and that the real ownership was in the father at all times. It is conceded that the father was during all these transactions heavily in debt, if not hopelessly insolvent, and that the interpleader had knowledge of his father's financial condition. Of course, if the interpleader's title was in the nature of a gift from his father, under such circumstances it was fraudulent and void as a matter of law and the court would have been justified in so declaring or assuming. The question of the ownership of the attached cattle as between the interpleader and the defendant, and of the interpleader's claimed purchase of the same in honesty and good faith, was squarely put to the jury in the other instructions given for the respective parties and I am persuaded that the erroneous instructions on such immaterial issue are not so prejudicial as to require a reversal.

I think it was also error, under the real issue in this case, to admit evidence of the defendant's declarations of ownership of these cattle when not made in the presence or with the knowledge and acquiescence of the interpleader. The defendant is not a party to the trial of the interplea and such evidence is as to him

hearsay. [Torreyson v. Turnbaugh, 105 Mo. App. 439, 444, 79 S. W. 1002; Clark v. Cox, 118 Mo. 652, 655, 24 S. W. 221.] Defendant's title to these cattle could not be proven by his own assertions of ownership not known to or acquiesced in by the interpleader. Some of the evidence of this character was admissible because made in the presence and with the acquiescence of the interpleader. The part inadmissible was put in while plaintiffs were erroneously assuming the burden of destroying the interpleader's supposed title derived from the defendant and was admitted only as tending to show the fraudulent intent of the defendant in selling or transferring the cattle to the interpleader. It was perhaps admissible for that purpose only and on such issue which was then in the case. [Holmes v. Braidwood, 82 Mo. 610, 614; Desberger v. Harrington, 28 Mo. App. 632, 636.] The interpleader did not request an exclusion of this evidence after the true issue was developed by his evidence and we ought not to put the court in error in this regard. Besides, the interpleader admits that the cattle had been on his father's farm and under his control until a few days prior to the attachment, when the father left the state and the interpleader moved onto such farm; and his claim is that the father was feeding and taking care of the cattle for a share of the profits. Under all the facts of this case. I have concluded that this evidence was not such as likely misled the jury as to the real issue and that the verdict is for the right party.

*Farrington, J.,* concurs.