STATE BANK OF WEST UNION, Respondent, v.
LUTHER KEENEY AND MATILDA KEE-
NEY, Defendants; OSCAR P. MILLER, Inter-
pleader and Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. **FRAUD: Evidence: Jury Question.** Where the evidence of the
relationship of the parties, the circumstances surrounding them,
and the unusual peculiarities of the transaction in question, is
of a nature to induce a reasonable mind to believe that fraud
was the common object of the parties, an issue of fact is raised
for the jury to determine.

2. **FRAUDULENT CONVEYANCES: Jury Question.** Where plain-
tiff's evidence showed that defendants were insolvent, and had
been trading and conveying their property to evade its appli-
cation for the payment of their debts, and that the interpleader
was well acquainted with, and exhibited an extraordinary in-
terest in, their affairs, the evidence was sufficient to take the
question to the jury as to whether interpleader's note and chat-
tel mortgage were bona fide.

Appeal from Clay Circuit Court.—*Hon. Francis H.
Trimble,* Judge.

AFFIRMED.

*Craven & Moore, Reinhardt & Schisby* for ap-
pellant.

(1) The party who carries the burden of proof
and fails as to a vital part of the chain of evidence
is not entitled to a verdict and if he secures a verdict
the appellate courts will set it aside. Lomax v. Rail-
road, 119 Mo. App. 198; Uhrick v. Osborn, 106 Mo.
App. 492; Bond v. Railroad, 122 Mo. App. 207; Bryer-
ly v. Light, etc., Co., 130 Mo. App. 603; Ballentine v.
Mercer, 130 Mo. App. 618; Hanen v. Railroad, 155
Mo. 230; Bank v. Railroad, 98 Mo. App. 335. (2) The
court erred in excluding the sworn and examined copies

of the records of Justice Wieman and the Jackson County Circuit Clerk. Such mode of proof is good at common law and is not excluded by the statutes providing for proof by certified copies, such statutes furnishing only a cumulative mode of proof. 1 Greenleaf on Evidence (16 Ed.), secs. 91, 501, 508, 513; 24 Am. and Eng. Ency. Law, pp. 198, 200; 17 Cyc. 323, 326, 327, 329; Moore v. Mfg. Co., 113 Mo. 110; State v. Chambers, 70 Mo. 625; Carp v. Ins. Co., 203 Mo. 331. (3) The holder of a title assailed for fraud may purchase a paramount title and thus make his title good. Funkhauser v. Lay, 78 Mo. 459; Craig v. Zimmerman, 87 Mo. 475. (4) The Ware chattel mortgage being recorded in the wrong county is of no effect as against subsequent purchasers, with or without notice. Dry Goods Co. v. Lally, 198 Mo. 687; Martin Co. v. Perkins, 63 Mo. App. 310; Buggy Co. v. Woodson, 59 Mo. App. 550; State v. Stillington, 51 Mo. App. 252.

P. C. Young for respondent.

(1) The actual knowledge may be proven by circumstance and facts. Spier v. Benlingame, 64 Mo. 87; Mercantile Company v. West, 107 Mo. App. 254. (2) Where there is evidence, though slight, to prove a fact or when facts may be drawn from evidence, the courts should instruct; hence a verdict under such conditions should stand. Glasgow v. Bank, 8 Mo. 268; Yates v. Breckenridge, 27 Mo. 531; Kelley v. H. St. J. R. R. Co., 70 Mo. 104; C. R. T. & P. Ry. Co. v. Mertins, 78 Mo. App. 74; Rosenfeld v. Siegfried, 91 Mo. App. 168; Stephens v. Metzger, 95 Mo. App. 609; Flournay v. Andrews, 5 Mo. 513; Keen v. Smeddler, 92 Mo. 547; Breckenridge v. Life Ins. Co., 87 Mo. 62. (3) Hearsay evidence, unless objected to, must be given the same weight as though not subject to objection. Ehrlich v. Weber, 88 S. W. 188; Hatch v. Sleeping Car Co., 84

Tex. 246. (4) Where facts relied upon furnish the inference from which the jury draws a verdict, it will not be disturbed. Land & Lumber Co. v. J. T. Moss, 79 Mo. App. 543; Arnold v. Cason, 95 Mo. App. 426; Plow Co. v. Sullivan, 158 Mo. 440; Vachtel v. Ewing. 82 Mo. App. 594. (5) An instruction which purports to cover the case must omit no material defense or evidence bearing upon such defense. Limk v. Westerman, 80 Mo. App. 592; School v. Fries, 97 Mo. App. 346; Lesser v. Railroad, 85 Mo. App. 326; Boothe v. Loy, 83 Mo. App. 601. (6) The giving of a valuable consideration will not support a sale, if there is design on the part of the vendor and vendee to hinder or delay creditors. Burgert v. Borchert, 59 Mo. 80; Garesche v. McDonald, 103 Mo. 1; McKinney v. Wade, 43 Mo. App. 152; Snyder v. Free, 114 Mo. 360; McDonald v. Hoover, 142 Mo. 484. (7) Once the writ of attachment attaches it remains till in some way set aside. Shea v. Shea, 154 Mo. 599. (8) Interpleader must recover on the strength of his own title and has the burden of proof. Paper Co. v. Crowther, 92 Mo. App. 273. (9) A defendant failing to enter a plea of abatement in an attachment case, confesses the grounds of attachment. State ex rel. v. Hopper, 72 Mo. App. 171.

JOHNSON, J.—This cause was here on a former appeal of the interpleader and was remanded for a new trial on the ground that the court erred in directing a verdict for the plaintiff. (134 Mo. App. 74). At the second trial the court submitted issues of fact to the jury; a verdict was returned for the plaintiff and the interpleader appealed from a judgment rendered in accordance with the verdict. A statement of the case appears in our former opinion and to avoid repetition we refer to that statement for an account of the principal facts of the transactions which gave rise to the controversy before us for review. Addi-

tional facts and circumstances in the present record relate entirely to an issue not tendered at the former trial but raised and fiercely contested at the second trial. This new issue involves the bona fides of the notes and chattel mortgage under which interpleader claims a lien on the property superior to the lien acquired by plaintiff under the levy of the writ of attachment. Plaintiff adduced no direct evidence of the existence of a common purpose on the part of interpleader and defendants to cheat and defraud the creditors of Luther and Matilda Keeney by means of a fictitious sale of their property to their daughter and of the execution by the daughter of a fraudulent mortgage to interpleader conveying that property, but we do not entertain the view pressed by interpleader both in the trial court and here, that the inference of the existence of such fraud is not supported by substantial evidence but must rest on mere suspicion or conjecture.

The rule that an elemental fact at issue is not required to be proved by direct and positive evidence but may be inferred from other evidentiary facts and circumstances has peculiar application to issues of fraud. Contrivers and perpetrators of fraudulent schemes and practices generally exert all their ingenuity to cover their tracks and to clothe evil with the appearance of good. Frequently their disguises may be pierced only by the concentration in evidence of a multitude of facts and circumstances which, conjointed, are strong enough to tear away the mask, though singly, they are impotent. Often it is difficult to tell in the array of accusatory circumstances just where the line of mere suspicion ends and that of reasonable belief begins, but it is safe to say that where the evidence of the relationship of the parties, the circumstances surrounding them and the unusual peculiarities of the transaction in question, is of a nature to induce a reasonable mind to believe that fraud was the

common object of the parties, an issue of fact is raised for the jury to determine. The following quotation from the opinion of SMITH, P. J., in Mosby v. Commission Co., 91 Mo. App. 1. c. 506, is pertinent:

"If the facts and circumstances to which we have just adverted are sufficient to justify the deduction of the inference that Biggs was the agent of the plaintiff, and that as such agent he was authorized to sell the cattle and receive the purchase price, then it is clear that said peremptory instruction should not have been given. A single circumstance may have little strength, and of itself afford no foundation, but when joined to many more of the same nature, all fitting each other, and having the same relation, the whole united may form an arch strong enough to support a presumption of the most important facts. [Frost v. Brown, 2 Bay (S. C.) 133.] Presumptions of fact are but inferences drawn from other facts and circumstances in the case, and should be made upon common principles of induction. [O'Gara v. Eisenlohr, 38 N. Y. 298.] But the presumption of the existence of one fact from the existence of another, that is, the process of ascertaining one fact from the proof of another fact, is within the exclusive province of the jury. [1 Greenleaf Ev., sec. 48; Lawson on Presumptive Ev., 641.] How can it be said that there was no substantial evidence tending to prove the defense of the agency, or that the case was not one for the jury, rather than the court. The rule is well settled that if there is any substantial evidence to support the defenses pleaded by the answer, the case should go to the jury."

Without detailing the evidence we say the existence of a conspiracy between interpleader and the Keeneys to defraud creditors of the latter is shown by the evidence of plaintiff. The Keeneys were insolvent and had been trading and conveying their property to evade its application to the payment of their

debts; interpleader was well acquainted with their situation and all along exhibted an extraordinary interest in their affairs which other circumstances strongly indicate was prompted by a meretricious motive. His account of where he obtained the money he claims to have loaned is peculiar, to say the least. The picture presented to the jury was that of an intimate and censurable relationship of which the fraud in question was an incidental result. The evidence of plaintiff was sufficient to take the case to the jury on the issue of fraud and, since there was no error in the instructions, that issue was settled by the verdict.

Point is made that error was committed in a ruling of the court on the admission of evidence, but it is clearly without merit. The case was tried without error and the judgment is affirmed. All concur.